# Masterson *v.* Matthews.

*Action on Judgment, and on Detinue Bond.*

1. *Judgments rendered by incompetent judge ; validity of.*—Judgments rendered by a judge *de facto*, whose election or appointment was afterwards declared unconstitutional and void, are nevertheless valid and binding, and are not reversible on account of his incompetency.

2. *Presumption as to pleadings.*—When the record recites that the court sustained a demurrer to the whole complaint, for a misjoinder of counts, and that the defendant then demurred to the second count, and, his demurrer being overruled, he then filed pleas, on which issue was joined; this court will presume that, after sustaining the demurrer to the whole complaint, the court gave the plaintiff leave to amend, and that he amended his complaint by striking out the first count.

3. *Action on judgment ; sufficiency of complaint.*—In an action on a domestic judgment, it is sufficient to aver the rendition of the judgment, the court by which it was rendered, the date, names of parties, and amount; and it is not necessary to aver that the court had jurisdiction, nor that the judgment remains of full force, unreversed, and unsatisfied.

4. *Action on replevin bond.*—An action at law may be maintained on a replevin bond, given in an action of detinue, although the bond, when properly indorsed and returned forfeited (Code of 1876, § 2945), has the force and effect of a judgment: the statutory remedy is merely cumulative.

FROM the Circuit Court of Lawrence.
Tried before the Hon. W. B. WOOD.

This action was brought by H. B. Matthews and Abbie A. Matthews, against B. O. Masterson, and was commenced on the 11th March, 1875. The complaint contained three counts; the first being a count in trover, for the alleged conversion of three bales of cotton; and the second being in these words : "The plaintiffs claim of said defendant the further sum of $120.80, due by judgment recovered against him, in the Law and Equity Court of Lawrence county, Alabama, on the 5th February, 1874, with the interest thereon." The third count was for the breach of the condition of a replevin bond, which was set out in full, and which was executed by said defendant, with others, as sureties for one Geddings, who was the defendant in an action of detinue, at the suit of these plaintiffs, in said Law and Equity Court of Lawrence county; in which action, it seems, the judgment was rendered, on which the second count is founded. The other pleadings, and the rulings of the court in reference to them, are thus stated in the judgment-entry : "Came the parties, by their attorneys, and defendant demurs to plaintiffs' complaint, and for cause of demurrer assigns a misjoinder of counts, in this—that the first count is in trover, while the second is in debt on judgment, and the third is on bond for breach thereof; which demurrer being heard, the same is sustained. Thereupon, defendant demurs to the second count of said complaint, and for cause shows that the same is not sufficient in law, in this—that it does not appear that said supposed judgment is wholly unsatisfied, and remains in full force and virtue, and wholly unreversed, and that the court in which the same was rendered was a valid court. Thereupon, the court overruled the demurrer to the second and third counts of said complaint, and thereupon the defendant pleaded to said complaint—1st, former recovery ; 2d, payment ; 3d, the general issue to the whole complaint, and to each count separately, with leave to give in evidence any matter that may be the subject of a special plea,—all in short by consent; on which pleas issue is joined by the plaintiffs," &c.

On the trial, as the bill of exceptions shows, the plaintiffs offered in evidence the bond set out in the third count, with the indorsements thereon. Said bond, which was dated the 5th December, 1873, recited that the plaintiffs in this action had commenced an action of detinue, in the Law and Equity Court of Lawrence county, against J. C. Geddings, for three bales of cotton, which the sheriff had seized, and of which said Geddings had regained the possession by executing said bond; and was conditioned as follows : Now, if the said J. C. Geddings is cast in said suit, and, within thirty days after

[Masterson v. Matthews.]

judgment, delivers the property aforesaid to the plaintiffs, and pays all costs and damages which may accrue from the detention thereof, then this obligation to be void." The sheriff's indorsement on said bond was without date, and was in these words: "There was judgment obtained in the Law and Equity Court in this case, against the defendants; execution issued, and placed in my hands, which was conditionally settled, and the money was as good as in hand at the time the court was to meet. The legislature, or the Supreme Court, decided the court unconstitutional; and I was then notified by H. B. Matthews to hold the money, and not pay it over to any one, until I heard from him. The cause of him telling me this was, that J. W. Falk and J. C. Baker claimed that I must pay the money over to them. On the same day, or day after, Mr. Masterson ordered me to hold the money—that the court was not constitutional, and that he was not willing to pay the money by order of a court that the Supreme Court had decided unconstitutional. Before this time, I had paid an order for $20 from Masterson to Dr. McMahon. The cotton herein mentioned was never returned to me." The bill of exceptions thus continues: "The plaintiffs offered, at the same time, evidence tending to show that said bond had been given in the detinue suit therein named, and had been forfeited, and returned into said court by the sheriff, and indorsed by him 'forfeited' as required by law. To the introduction of this evidence the defendant objected, but the court overruled the objection, and permitted the evidence to go to the jury; to which ruling and decision the defendant excepted."

"The plaintiffs offered evidence, also, of the said detinue suit in which said bond was given, under which the sheriff took said three bales of cotton into his possession, and the replevy thereof by said Geddings, as shown by said bond. It was shown, also, that the plaintiffs in said suit recovered said cotton on the trial of said detinue suit. The value of said cotton was proved, and that it was not delivered to the sheriff, nor to the plaintiffs, as required by the condition of said bond. It was shown, also, that there was no judgment in any court against said Masterson, save and except the forfeiture of said bond, which was the same set out in plaintiffs' complaint on a bond. This being all the evidence before the jury, the defendant moved the court to exclude said bond from the jury as evidence; which motion the court overruled and refused, and the defendant excepted. The court then charged the jury, that the judgment of the Law and Equity Court of Lawrence was not void; and that the forfeiture of said bond, and the return thereof by the sheriff

[Masterson v. Matthews.]

' forfeited ', after a failure to deliver said cotton as required by the condition of said bond, gave said bond the force and effect of a judgment, and that the plaintiffs might recover upon the same in this suit. Thereupon, to both of said charges the defendant excepted, both to the first, and to the second, as given."

The errors now assigned are : 1st, " the overruling of the demurrer to the first count in the complaint ;" 2d, "the overruling of the demurrer to the third count ;" 3d, and 4th, the rulings of the court on the evidence, as shown by the bill of exceptions ; and, 5th, the charges to the jury.

THOS. M. PETERS, with whom was E. H. FOSTER, for appellant.—1. " The demurrer to the first count was sustained, but overruled as to the second and third counts. The first count, however, is the only one that is not vicious ; yet, being in trover, while the others are in debt, it made the whole complaint bad for misjoinder, unless that defect is cured by the statute. It certainly permits the plaintiff to plead over, and omit the defective count, or the joinder of incompatible causes of action."—7 Bac. Abr. 472; 1 *Ib.* 70; 1 Brickell's Digest, 24 ; 2 *I b.* 332 ; *Wilkinson v. Mosely,* 30 Ala. 562 ; *Canal Co. v. Rowan,* 4 Dana, 605 ; Rev. Code, §§ 2637, 2811.

2. The second count is insufficient, and does not show a substantial cause of action. It does not allege that there was any judgment in favor of these plaintiffs, or any judgment at all against said defendment, rendered by said Law and Equity Court on the 5th February, 1874; nor in fact was there any such judgment, as the proof shows there was a judgment against Geddings alone. It is defective, also, because it does not allege that "said judgment remains in full force and effect, not reversed, satisfied, or otherwise vacated, and that plaintiffs have not obtained any execution or satisfaction of or upon said judgment," or other equivalent averments.—Rev. Code, §§ 2811, 2629 ; *Johnson v. Martin,* December, 1875 ; 1 Chitty's Pl. 103, 104 ; 2 *Ib.* 183-4 ; Tillinghast's Forms, 394.

3. The alleged judgment is a nullity. The Law and Equity Court of Lawrence was a court without a judge, and its proceedings were void.—*Ex parte Roundtree,* 51 Ala. 42; *Claunch v. Castleberry,* 23 Ala. 85 ; *Wilson v. Wilson,* 36 Ala. 655 ; *Heydenfeldt v. Towns,* 27 Ala. 423 ; *Wright v. Karsner,* 20 Ala. 446 ; *Cullum v. Casey & Co.,* 1 Ala, 351 ; *Garlick v. Dunn,* 42 Ala. 404.

4. The bond being forfeited, it had the force and effect of a judgment, on which an execution might issue. The bond was merged in, and extinguished by this statutory judgment,

[Masterson v. Matthews.]

and no subsequent recovery could be had on it.—Rev. Code, §§ 2629, 2633, 2596 ; *Mason v. Eldred,* 6 Wallace, 231 ; *Garrett & Hill v. Logan,* 19 Ala. 344 ; *Anderson v. Dickson,* 8 Ala. 733 ; *Garnett v. Yoe,* 17 Ala. 74; *Watts v. Sheppard,* 2 Ala. 425.

5. The bond was not competent evidence under either count : as a bond it was extinguished, and as a judgment it was variant from that described in the second count.—Rev. Code, § 2596 ; 1 Brickell's Digest, 809, §§ 84, 85, 90, 93 ; 1 Greenl. Ev. §§ 50-51, 61, 63; 6 Wallace, 231; *Oakley v. Aspinwall,* 2 Sandf. 7 ; 13 Mass. 184 ; 1 Pet. C. C. 74 ; 1 Pick. 118.

6. The sheriff's indorsement on the bond did not show that it had been forfeited. The return was matter of record, and could not be shown by parol. Besides, there was a variance.—1 Greenl. Ev. §§ 50, 51 ; 1 Brickell's Digest, 809 ; 14 Ala. 354 ; 6 Porter, 447.

PHELAN & WHEELER, *contra.*—1. If the decision in *Ex parte Roundtree,* 51 Ala. 42, should be adhered to, it does not affect the validity of the judgments rendered by the Law and Equity Court of Lawrence. The presiding judge of that court was at least a judge *de facto,* if not *de jure,* and its judgments are valid.—*Mays v. Stoneum,* 2 Ala. 390; *Williamson v. Woolf,* 37 Ala. 298 ; *Heath v. The State,* 36 Ala. 173 ; *State v. Carroll,* 38 Conn. 449 ; 9 Amer. 409.

2. Even if the judgment should be held null and void, the defendant is nevertheless liable on his bond, and is estopped by it.—*Alston v. Alston,* 34 Ala. 24 ; *Sprowl v. Lawrence,* 33 Ala. 692 ; *Williamson v. Woolf,* 37 Ala. 298.

3. The charge of the court, then, as to the validity of the judgment, is, at most, error without injury, for which this court will not reverse.—*Moody v. McCown,* 39 Ala. 586; *Rigsby v. Norwood,* 34 Ala. 139.

STONE, J.—The act " To establish an inferior court of record in the town of Courtland, Alabama," approved January 2, 1872 (Pamph. Acts, 104), and the act to establish a similar court in the town of Decatur, approved December 17, 1873 (Pamph. Acts, 68), are indentical in their provisions. In *Ex parte Roundtree,* 51 Ala. 42, this court, in an able and satisfactory opinion, held that section 15 of the statute creating said court was unconstitutional. That section is in the following language : "That the judge of the fourth judicial circuit of Alabama shall be the judge of said Court of Law and Equity." No other clause of said statute was declared unconstitutional, and we are not aware of any sound argument that can be urged against the constitutionality of

the other provisions. We thus. have the case of a court constitutionally created in all its appointments, save in the matter of the judge who is to preside over it : he was not constitutionally chosen.

In 1840, the legislature created the 10th judicial circuit, and elected to the judgeship of it a person who was constitutionally ineligible to hold the office. He presided for a time, and rendered judgments. An information in the form of a *quo warranto* was filed against him in this court, and he was ousted by the judgment of this court, on account of his ineligibility.—See *State, ex rel. v. Porter*, 1 Ala. 688. A question arose, whether the judgments, so rendered by him, were valid and binding. This court held them valid, remarking : "It is now too well settled, that the acts of a judge *de facto*, whose title to the office has not been adjudged insufficient, are valid and irreversible, to allow of serious controversy."— See *Mays v. Stoneum*, 2 Ala. 390. We are unable to distinguish, in principle, between that case and this. The judgments of the Law and Equity Court of Lawrence, rendered before the decision of this court in the case of *Ex parte Roundtree* was announced, are valid and binding, and not reversible on account of the manner in which the presiding judge was chosen. He was a judge *de facto*.

Probably the most elaborately considered case on this question, is that of *The State v. Carroll*, 38 Conn. 449, decided in 1871. The court, in that case, quoted with approbation the following language : "If you find a man executing the duties of an office, under such circumstances of continuance, reputation, or otherwise, as reasonably authorize the presumption that he is the officer he assumes to be, you may submit to, or employ him, without taking the trouble to inquire into his title; and the law will hold his acts valid as to you, by holding him to be, so far forth, an officer *de facto*. If he has color of appointment, or election, and yet is not a good officer for the want of authority in the appointing power, or irregularity in exercising it, or because there was another lawful officer entitled to the office, or because the incumbent was ineligible, or had not qualified as the law required, or his term had expired, your case is made stronger by the color; but that kind of color is not essential to your protection, for you are not bound to inquire to see that it exists."

We need not, and do not, go the full extent of the doctrine stated above. The wants of the case in hand do not require it. All we affirm in the present case is, that the judge of the fourth judicial circuit was, *de facto*, judge of the Law and Equity Court of Lawrence county, until the prohibition was

awarded in *Ex parte Roundtree.*—See *Den, ex dem. v. Reddick,* 4 Ired. Law, 368; *State v. Alling,* 12 Ohio, 16; *Case v. The State,* 5 Ired. 1; *State v. Anone,* 2 Nott & McC. 27; *Taylor v. Shrine.* 2 Trud. S. C. 693.

2. This record is strangely obscure in the matter of the rulings on the demurrers. There was a general demurrer to the whole complaint, for misjoinder of counts. This was sustained by the court. This ruling, without amendment of the complaint, put the case out of court. Without any note of amendment, the record shows that defendant then demurred to the second count, assigning causes. It contains no demurrer to the third count. Yet, the judgment-entry affirms, the court overruled the demurrer to the second *and third* counts; and pleas were then interposed to the second and third counts, and issues joined on them. We feel it our duty to presume that, after the demurrer was sustained to the whole complaint, for the misjoinder of counts, the court gave plaintiffs leave to amend, which they did by striking out the first count. There being no demurrer to the third count, we need not consider its sufficiency.

3. The second count is sufficient. It affirms the recovery of a judgment, the court in which it was recovered, the date, parties, and amount. The court having been created, and its jurisdiction defined, by a public statute of Alabama, it was not necessary to aver the court had jurisdiction. The law gave it jurisdiction of the subject-matter; and if the judgment was open to any defense, that was a proper subject for a plea. So, it was not necessary to aver that the judgment remained of full force, unreversed, and unsatisfied. The law does not presume the reversal of a judgment, nor its satisfaction, except after the period of twenty years. Satisfaction and reversal are matters of defense.

4. Nor is it any defense to this action that, ordinarily, a replevin bond, given in an action of detinue, has the force and effect of a judgment, when properly indorsed and returned forfeited. This is but a cumulative, summary remedy, and does not take away the common-law right to sue on the bond.

Judgment affirmed.