# Pollak *v*. Winter.

## *Assumpsit.*

(Decided May 18, 1911. Rehearing denied June 27, 1911.
55 South. 828.)

*Payment; Pleas; Burden of Proof.*—Where the action is by an administrator on account for attorney's services, and the plea is payment, it will not be presumed from the mere evidence of the rendition of the service that the services were not paid for when rendered, the plaintiff being required, in order to establish a prima facie case, to prove not only the rendition of the service, but that they were not paid for when rendered, and this is true, notwithstanding the burden of proof of a plea of payment was on the defendant.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Assumpsit by Sallie Winter as administratrix, against Ignatius Pollak, for services rendered by her decedent. Judgment for plaintiff and defendant appeals. Reversed and remanded.

See also 166 Ala. 255, 51 South. 998.

J. B. BROWN, for appellant. The court erred in permitting plaintiff to testify that she caused diligent search to be made through the papers of her decedent and found no evidence of payment having been made of the account sued for.—*Pollak v. Winter*, 166 Ala. 255. The statement was clearly a conclusion of the witness.—*Brandon v. Progress Distilling Co.* 52 South. 640 Ala.; *S. & W. Co. v. Thompson*, 52 South. 75; *Abingdon Mills v. Winter, supra; Cook v. Malone*, 128 Ala. 664; *Rice v. Kahn*, 90 Ala. 416.

W. A. GUNTER, for appellee. It is a general proposition well settled that payment is an affirmative defense

and will not, in the first instance, be presumed, but after the antecedent existence of the indebtedness has been proved by the creditor, the burden of proving its discharge is upon the person alleging the payment.—22 A. & E. Enc. of Law, 587 and cases cited. A party is not required to prove negative allegations which are merely necessary in pleadings, but constitute no part of this case.—*Carroll v. Malone,* 28 Ala. 521; *McAuley v. The State,* 26 Ala. 141; *Woolf v. Nall,* 62 Ala. 24; 1 Brick. 868-871; 4 Mayf. 585-596; 1 Greenl. secs. 78 and 80; 42 N. E. 223. Where services are shown to have been rendered, and are knowingly accepted, the law presumes an obligation to pay what such services are reasonably worth.—*Wood v. Brewer,* 66 Ala. 570; *A. G. S. v. Hill,* 76 Ala. 303; *McFarland v. Dawson,* 128 Ala. 561; *Hood v. League,* 102 Ala. 228.

SAYRE, J.—Plaintiff in the court below, appellee here, sued defendant for the value of work and labor done by her testator for the defendant at the latter's request. Defendant pleaded the general denial, payment, and the statute of limitations. Plaintiff offered evidence tending to show the performance of professional services by her testator as an attorney at law for the defendant on the latter's request, and their value. These services covered a period of about one year, at the end of which time Judge Winter, plaintiff's testator, accepted office as judge of the circuit court. About a year later on Judge Winter died. His acceptance of office presumptively took him out of the practice; but in order, as it seems, to create a presumption that there remained an unsettled account between him and defendant, or perhaps to strengthen a presumption which it is contended would have arisen in some shape without that fact, plaintiff showed that his services were continued

after he went upon the bench.  Lest, however, the matter be misunderstood, it must be stated that Judge Winter had been employed to represent the defendant in an arbitration which had been submitted to the arbitrator for decision prior to his being upon the bench, and that subsequently he did no more than to urge the arbitrator from time to time to decide the matters submitted.  In the view we take of the case, the principle which must govern applies equally, whether the claim for services be assigned to the date when plaintiff's testator went upon the bench or the date of his death.  There was no effort to show an express contract between the parties by which plaintiff's testator undertook to perform any definite service.  Nor did the plaintiff or any other witness undertake to say that anything was due from defendant to plaintiff at the time of the trial or to state the account between plaintiff's testator and the defendant at that or any other time, nor was there any evidence to show that fact.  The court charged the jury on plaintiff's request that the burden of proving payment was on the defendant.  But the court refused the defendant's request for a charge in this language: "The court charges the jury that the burden of proof is on the plaintiff to show by the evidence to your reasonable satisfaction that the claim in suit for the services of Judge Winter was not paid for when rendered or when the compensation therefor was due and if, after considering all evidence in the case, you are not reasonably satisfied that such services were not paid for, then your verdict should be for the defendant."  Appellant contends, on the authority of the decision rendered in this case when it was here on a former appeal, that these rulings were erroneous, while appellee renews her argument that the ruling on the former appeal was itself erroneous.—*Pollak v. Winter,* 166 Ala. 255, 51 South. 998, 52 South. 829,

53 South. 339. The first mentioned of these charges correctly stated the law in respect to the burden of proof on the issue raised by the special plea of payment—a plea in confession and avoidance, to which the charge was appropriately, if not necessarily, referred—as has been decided in perhaps a thousand cases, as counsel for appellee suggests, including this case as reported in 166 Ala. 255, 51 South. 998, 52 South. 829, 53 South. 339. No doubt the second of these charges was designed to state the other proposition of that case which is that, "when suit is brought upon an open account, the plaintiff does not overcome the burden by merely showing the rendition of service and the value of same, but must offer some proof that it was not paid for when rendered, or when due." On the trial which was under review when this case was here before, and on a state of the evidence substantially the same as that shown by the record on this appeal, the trial court had given the general affirmative charge for the plaintiff. The practical question is the same now as then, and is whether the evidence offered by the plaintiff was sufficient to make out a case. On both occasions the question has been discussed in briefs as if it related to payment generally, including payment as pleaded in confession and avoidance, rather than as we have stated it, thus evidencing some confusion of ideas. The question is as we have stated it.

In *Cook v. Malone,* 128 Ala. 662, 29 South. 653, defendants brought a cross-action for the price of six bales of cotton. The court instructed the jury that the burden of proof was on the defendants (cross-plaintiffs) to show that plaintiffs (cross-defendants) had bought the cotton and had not paid for it. This court said: "It is here insisted for defendants that the charge violated the rule stated generally in 3 Brick. Dig. 698, §§ 1 and 2,

and applied to a cross-action of set-off in *Snodgrass v. Caldwell*, 90 Ala. 319, 7 South. 834, which subjects the party relying on the defense of payment to the burden of proof. That rule is applicable only where the issue is whether an indebtedness assumed to have been in existence has been discharged by payment. In this case the payment plaintiff sought to prove was not of a debt, but was one occurring in the consummation of a cash purchase. A sale wherein no credit is either expressly or impliedly given, but which is strictly for cash is not consummated until the consideration is paid.—1 Benj. on Sales, § 335 et seq.; *Shines v. Steiner*, 76 Ala. 458; *Blackshear v. Burke*, 74 Ala. 239. In such a sale payment concurs with the passing of ownership in the property, so that no indebtedness for the price can intervene." The judgment was affirmed. In order to take this case out of the influence of that decision, appellee insists that this is a case in which, from its very nature, the considerations could not pass simultaneously—is a case in which necessarily, from the very nature of the transaction, there was credit impliedly given for the work done. But there is in a transaction of the character here shown no such necessity. It does seem altogether reasonable to say that it cannot be presumed that the price or value of work and labor done by one for another, extending over a considerable period, has been paid in infinitesimal driblets pari passu as the work progressed. Nor is it reasonable to presume that the purchaser of a thousand bushels of corn stands by and pays for each bushel as it is delivered. Yet one may buy a thousand bushels of corn strictly for cash. There is no reason in the nature of things why one who does work and labor for another may not be paid in a practical way pari passu. It is in fact common. It is not open to us to assume that plaintiff's testator undertook

in the beginning to conduct the suit to a final judgment on definite terms. That would be to assume a special contract, whereas plaintiff's case proceeds as for money due on a promise to be implied in order that justice may be done. That would put the plaintiff out of court for lack of evidence to prove the contract and its performance according to its terms. Defendant's promise to pay, like his request for the services, is to be implied from the fact that plaintiff's testator performed services which were beneficial to the defendant and accepted by him. In the absence of a special contract between the parties fixing beforehand what services plaintiff's testator was to perform and on what terms, plaintiff's testator had a right to lay down the service at any time, and, upon doing so, might have recovered the value of services rendered so far as they were beneficial to defendant. If a man shall show that he has worked in my field or at building my house, why should the presumption be indulged, when he sues my administrator, that I did not pay him before or at the time he did the work? Why should it be assumed that he extended credit to me, rather than that I credited him until the work could be done? Or if one shall sue my administrator for money had and received, and show that on an occasion he handed me a sum of money, without more, why should the presumption be that he lent me the money, rather than that a consideration had moved, or did at the time move, from me to him? The rule in such a case is that the plaintiff is required to show a credit by excluding the implication that a consideration had passed. He must prove that the transaction was essentially a loan of money.—2 Greenl. Ev. (16th Ed.) § 112. This question does not often arise, because parties are never willing and are seldom compelled, to rest their cases upon the implication of such naked facts. Ordinarily there

will be something in the relations of the parties, the nature of the transaction, or other circumstances, capable of proof, to show the terms on which the parties have dealt with each other; but the principle of all such cases is the same. It is that plaintiff must prove a credit. If, therefore, the plaintiff, suing to recover the price of merchandise, goods and chattels sold and delivered to the defendant, or the price or value of work and labor done at the defendant's request, proves a sale or the rendition of services and the value of his goods or services, without more, he does not show a right to judgment; for no presumption arises that the things bought or the services rendered were not paid for when delivered or rendered. The plaintiff in such case, as in all others, must prove the allegations of his complaint. He must show a credit, an indebtedness. Accurately speaking, he must show, not a contract and its breach, but only that there was at one time a contract, express or implied, for the future payment of money, an obligation solvendum in futuro. This does not put upon plaintiff the burden of proving a negative, but only requires that he shall prove an express promise to pay in the future, or that the nature of the transaction was such that out of it there arose an implied promise to pay. An indebtedness once thus shown, the burden of proving a discharge by payment devolves upon the defendant. These conclusions are in accord with "the principle that he who alleges himself to be creditor of another is obliged to prove the fact or agreement upon which the claim is founded; * * * that, on the other hand, when the obligation is proved, the debtor, who alleges that he has discharged it, is obliged to prove the payment," which is "one of those propositions in which every system of jurisprudence must concur in general, whatever particular rules may be adopted, as to the mode and form of the

[Pollak v. Winter.]

allegations by which the necessity of such proof is to be determined."—1 Phil. Ev. 810, note.

An inspection of the transcript of the record in the case of *Rice v. Schloss,* 90 Ala. 416, 7 South. 802, shows that all the transactions involved in that case were undisputedly credit transactions, and that, subject to plaintiff's claim that the account had been stated, the controversy was about the correctness of the account offered in evidence. The opinion in that case holds only this: That in a suit on open account the burden is on the plaintiff to show the balance due after allowing credit for all payments. It thus might appear on the surface to go in one respect even further than we have previously gone in this case, in that it seems to hold that plaintiff cannot discharge his burden by showing a debt to have been once due, but that he must show the amount due at the time of the suit brought or at the time of the trial; that is, must negative the fact that no payments have been made since the debt fell due. The language was no doubt used in view of the common practice in suits of this character, in which the plaintiff is not ordinarily content to show that the defendant was once indebted, but undertakes to show an indebtedness, a balance due, at the bringing of the suit or at the time of the trial. It may be conceded, however, that the case does not go to the precise proposition to which it was cited in 166 Ala. 255, 51 South. 998, 53 South. 339; for it does not in terms say that in common assumpsit for goods sold and delivered or work and labor done the plaintiff may not recover on proof of goods sold and delivered or services rendered on request, without more.

At page 179 of 16 Encyclopædia of Pleading and Practice it is said that "the true rule or principle is that the plaintiff should prove, not nonpayment generally,

but nonpayment when due or at maturity, or in other words, a breach of the contract sued on."

In respect to the other cases cited in 166 Ala. 255, 51 South. 998, 53 South. 339, we think it may now be conceded that they have only a remote bearing on the question at hand.

Aside from the distinction which seems to have been attempted in respect to suits on open accounts and suits on accounts stated, and apart from some slight misleading tendency, perhaps, in the use of the word "maturity," which seems to imply a contract for future payment, a case which, once shown, would put the burden of proof of payment upon the defendant, we are of opinion that the gist of the decision in this case on former appeal is theoretically sound, and will be found to operate for the promotion of justice in practice. Counsel have cited a great number of cases to the effect that the burden of proving a plea of payment rests upon the defendant. We have not taken issue with that familiar proposition. If there are cases which assert that a plaintiff establishes a case in common assumpsit when he shows goods delivered or labor done and their value, without more, counsel, after evident great research, has been unable to cite them. Assuming in a way to know the accuracy and universality of the knowledge to which that research must have led, and applying in some sort the maxim, "De non existentibus et de non apparentibus eadem est ratio," we conclude there are no such cases. Fairly interpreted, the charge stated the law as we think it ought to be, and as it is.

If it be said that the use of the word "due" in the charge may have possibly produced the impression that the plaintiff carried the burden of proving payment of a debt which once existed, the judgment must still be reversed, for the reason that there was no evidence au-

thorizing the inference that any sum was due from defendant to plaintiff, and the motion for a new trial should have been granted.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SOMERVILLE, JJ., concur.