# Winter *v.* Pollak.

## *Assumpsit.*

(Decided June 11, 1914. Rehearing denied July 25, 1914.
66 South. 11.)

1. *Payment; Evidence; Burden of Proof.*—The administrator of a
deceased attorney suing for services rendered by the attorney has
the burden of proving that the services were rendered and that they
had not been paid for in whole or in part.

2. *Same; Jury Question.*—Under the evidence in this case it was
a question for the jury whether the services rendered by the attorney
for which his administrator was suing had been paid.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Assumpsit by Sallie Winter as administratrix, against
Ignatius Pollak. Judgment for refendant and plain-
tiff appeals. Reversed and remanded.

W. A. GUNTER, for appellant. Payment is confession
and avoidance, and of course, must be proved by the
party affirming it.—3 Brick. Dig. 433. The granting of
the motion to exclude plaintiff's evidence was error, if

[Winter v. Pollak.]

on any theory of the case the jury could have found for plaintiff.—97 Pac. 709; 142 U. S. 134; 6 Enc. P. & P. 444, 944-9, 951-2.

J. B. BROWN, for appellee. This cause should be affirmed on the authority of the former appeals in this case.

MAYFIELD, J.—This is the third appeal in this case. See 166 Ala. 255, 51 South. 998; 52 South. 829; 53 South. 339, 139 Am. St. Rep. 33; 173 Ala. 550, 55 South. 828. It was held on both of the other appeals that the plaintiff failed to make out a prima facie case. The decision on each of the other appeals was that there was no evidence to show that the plaintiff's intestate had not been paid for his services rendered the defendant as an attorney at law. The fact that such services were rendered, with the value thereof, was proven, but there was held to be no affirmative proof that they were not paid for when rendered, or when due to be paid for; and that the burden of proof, in a case like this, is on the plaintiff to show that the services have not been paid for.

Counsel for the plaintiff has earnestly and ably contended that the decision of this court on the former appeals was wrong as to the burden of proof, in such cases. This question has been five times considered by this court in this case, and the question has been each time ruled against the appellant. We deem it settled, so far as this court is concerned, and that it will subserve no good end to further discuss it.

The majority of the members of the court are of the opinion that the decision in this case is in accord with other prior decisions of this court to the same effect, and that the decisions are correct and should not be overrul-

ed. As has been shown in former opinions rendered in this case, the authorities are in conflict on the question; and, as it is a rule of evidence, it is better to adhere to the rule as declared by this court, though there be authorities to the contrary.

On a thorough and careful examination of all the evidence offered by the plaintiff on the last trial, we have reached the conclusion that there was sufficient evidence to carry the case to the jury; that plaintiff's intestate had not been paid in full for his services shown to have been rendered to the defendant. A great number of letters written by the defendant to plaintiff's intestate and to W. A. Gunter, who was associated with plaintiff's intestate, were offered in evidence. These letters were written during the year 1903; the first being dated February 28th and the last November 11th. During this entire period, according to these letters, plaintiff's intestate was at work for defendant, who was constantly calling on his attorney to do more. These letters all show that, from the beginning of the services rendered him until the close thereof, the defendant was in dire financial straits; that his property was tied up in gremio legis; that most of the services rendered by plaintiff's intestate were in attempting to have the property released from the clutches of the law and from defendant's creditors. The first letter contains this statement: "I asked Mr. Curtis to advance $200, which he declined. I am broke." He was even then calling on plaintiff's intestate for services. In that letter defendant touches on matters which he had with Dr. Morrow and with Mr. Chambers, and calls on his attorney for all kinds of services, going on to state that he was broke and could not get an advance of $200,, and asking the attorney to see Mr. Pinckard, so that the client could obtain a few dollars by the 15th, when he would collect some

rents.   On March 4th the defendant wrote to Mr. Gunter to see plaintiff's intestate, requesting that they both again urge Moore to decide.   In this letter he says that he could do nothing, in some other cases which he had, because he could not expect his attorneys to work when he could not see his way clear to pay them; but, that, if Mr. Gunter would take the chances, he would make out a statement and give him the facts.   On this last-mentioned day defendant also wrote Judge Winter that he was ruined by the delay of Moore; that he had not a dollar in sight, and urging Judge Winter to have Moore decide.   On May 5th defendant wrote Judge Winter: "To send you the $100 is out of the question.   Where am I to get it?   But I am trying to sell the Chambers property, and I think with good prospects.   *   *   * If you will push this matter, we will have some money soon."

On May 7th he wrote a letter urging Judge Winter to help him in the Moore matter, and in others also, and on May 15th wrote another letter urging his attorney to attend to other matters for him.   On June 1st defendant writes and urges Judge Winter to try to have the property released, so that he could raise money; and again, on August 19th, defendant urges his attorney to try to procure a loan for him, on some lands in Crenshaw county which were not attached by his creditors, offering to pay a commission of 10 per cent., and saying, "Every little thing helps now."   On September 10th he calls on Winter to advise as to defendant's right to redeem certain property.   In this letter he refers to other matters which Winter is attending to for him; and concludes:   "I know that these matters are trying to you, since you receive no money, but I am obliged to see them attended to in order to enable me to protect my family and my creditors."

[Winter v. Pollak.]

On September 11th he wrote Judge Winter that he appreciated the situation, and said, "I beg you to feel no hesitancy to quit;" and wrote him again, on November 11th, referring to the fact that Judge Winter had been to Washington to see Moore for defendant, and stating that it was with difficulty he had raised $50, and that he was sick and was without means of support on account of Moore's delay. This letter, which is the last, he concludes by saying that: "As soon as we can get a decision, I will come to see you so that we. may go on with other matters."

These letters, we think, were sufficient proof that defendant had not paid Judge Winter for his services, to carry the question to the jury.

The action is on the common counts for work and labor done. The proof is undisputed that Winter performed the services, and there was proof as to what the services were worth. The only thing lacking was proof that the services had not been paid for. Death has closed the lips of the man who performed the services, and the law has closed the lips of the man for whom they were performed. On this account the proof cannot be made as certain, as to payments, as in ordinary cases. The necessities of the case require that other proof than the oral testimony of the parties to the transactions be resorted to. The correspondence between the parties, together with the checks, receipts, and other memoranda as to the transactions, is the very best proof available.

The action is not on any particular contract, nor for any particular services, but is on the common counts generally, for work and labor done. While the only parol proof as to services rendered was as to having the property released which was attached by Billing, and which was referred to Moore to arbitrate and de-

cide, yet the letters show that Judge Winter did other services for the defendant, though there is no proof as to the value of such services.

While, as before stated, we think the letters sufficient to carry the question of nonpayment to the jury, they do not show, of course, that the defendant was Winter's debtor for any particular amount, or that that particular amount was not paid; but the parol proof showed what the services were worth, and, if they were not compensated for, then, of course, the relation of debtor and creditor did exist. These letters, we think, do show, or at least make it a question for the jury, that the services were not paid for in full by the defendant, and that he yet owes something therefor. We do not mean to say that the proof is conclusive as to any amount; that is made a disputed question of fact; and the proof was sufficient to carry it to the jury. While all of these letters were offered and introduced on the second trial, and were in the record when the case was decided on the second appeal, they were not treated in the opinion nor considered in deciding the case.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.