[Pollak v. Winter.]

# Pollak v. Winter.

## Assumpsit.

(Decided April 13, 1916.   Rehearing denied June 30, 1916.
72 South. 386.)

1. **Evidence; Best and Secondary; Preliminary Proof.**—Where there was evidence that on a former trial certain letters were introduced in evidence by plaintiff, and after the trial were delivered to defendant's counsel to prepare his bill of exceptions, and were never returned, this was sufficient to authorize admission of secondary evidence as to the contents of the letters, notwithstanding these facts were controverted by defendant.

2. **Same; Degree.**—Where the preliminary proof was sufficient to authorize the admission of secondary evidence as to certain letters, the admission of the record on appeal to the Supreme Court containing copies of the letters set out in the bill of exceptions, the correctness of which record had never been questioned, instead of the original bill of exceptions, was not error.

3. **Payment; Evidence; Financial Condition.**—Where the question was whether or not the claim in suit had been paid, letters showing the financial condition of defendant when they were written, were relevant.

4. **Witnesses; Competency; Transactions with Deceased.**—Under § 4007, Code 1907, a question to defendant as to whether or not he owed the testator's testate anything at the time of his death, was properly excluded, the action being by testatrix for services rendered by her testate, and the plea being the general issue and payment.

5. **Attorney and Client; Services; Payment.**—Where the action was for services rendered in an arbitration proceeding, and the evidence shows that other services were also rendered by testate to defendant, and defendant pleads payment, a charge asserting that defendant must show to the reasonable satisfaction of the jury that any payments claimed in this case were made on claims asserted in this case, and not for services in other matters, was not erroneous.

6. **Witnesses; Cross Examination.**—Where the action was for legal services, a question on cross examination to a witness for defendant, as to what was the largest fee he had ever received, was permissible.

7. **Attorney and Client; Services; Evidence.**—Where the action was for services rendered defendant in an arbitration proceeding, the exclusion of a receipt bearing date practically a year previous to the commencement of the arbitration proceedings, was not error.

8. **Charge of Court; Applicability.**—Where the action was for legal services in an arbitration proceeding, and there was no evidence of the rendition of any services in the proceeding in the year 1904, a charge asserting that plaintiff was not entitled to recover for any services in the arbitration proceeding in 1904, was properly refused as abstract.

9. **Trial; Remarks of Court.**—An assignment that the court erred in holding that the jury must be satisfied that checks were made as payments of

[Pollak v. Winter.]

the suit brought, is not sustained, where the matter referred to appeared to be a mere colloquy between counsel and court, and the court carefully instructed in its oral charge that the jury must be reasonably satisfied of these facts from the evidence.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action of assumpsit by Sallie Winter, as administratrix, against Ignatius Pollak, revived against Helen Pollak, as executrix. From a judgment for plaintiff, defendant appeals. Affirmed.

For a statement of the case and the facts, see former appeals set out in the opinion. The following is charge B, given for plaintiff:

As by concession plaintiff's claim in this suit is restricted to compensation for services rendered in representing defendant in the arbitration, and as there is proof of services rendered by plaintiff's testator in other matters, the defendant must show to the reasonable satisfaction of the jury that any payments of money to John G. Winter, claimed as credits or payments in this case, were made on the claim asserted in this case, and not on or for services in other matters.

The following is assignment of error 70: The court erred in refusing to give for defendant the following charge: "If you believe the evidence, I charge you that plaintiff, if entitled to recover anything in this case, is not entitled to recover for any legal services rendered by him in the arbitration matter during the year 1904."

Assignment of error 63 is as follows:

The lower court erred in limiting the evidence of the check of date May 15, 1902; check dated June 25, 1903; check dated September 17, 1903; that the jury must be satisfied they were made as payments, or in payment, of the suit brought.

Assignment of error 60 is:

The lower court erred in permitting witness James to be asked: "What is the largest fee you ever received?"

O. KYLE, and RUSHTON, WILLIAMS & CRENSHAW, for appellant. W. A. GUNTER, and GEORGE H. PARKER, for appellee.

GARDNER, J.—This is the fourth appeal in this cause. See 166 Ala. 255, 51 South. 998, 52 South. 829, 53 South. 339, 139 Am. Rt. Rep. 33; 173 Ala. 550, 55 South. 828; and 188 Ala. 153, 66

[Pollak v. Winter.]

South. 11. The character of the suit and the questions of impor-
tance presented heretofore are stated in the opinions rendered
on these former appeals and need no restatement here. On the
last appeal it was held that the letters offered in evidence by the
appellant, tending to show that Pollak had not paid Judge Winter
for his services, were sufficient to carry that question to the jury.
It is insisted on this appeal that the affirmative charge was due
the defendant, but from the ruling of the court on the last appeal
it is quite clear that the case presented was one for the determina-
tion of a jury. This insistence is therefore without merit.

(1) This record discloses that upon the first trial of the case
the original letters were introduced by the plaintiff and were
delivered after that trial to one who was formerly of counsel for
defendant for the purpose fo preparing his bill of exceptions.
Plaintiff's counsel testified that he never received the letters back,
while deefndant's said former counsel insists that he returned
them. We need not review in detail the evidence concerning the
loss and search for these original letters, but on careful consid-
eration thereof we are persuaded that the preliminary proof in
regard to the same was sufficient to admit of secondary evidence.
—*Laster v. Blackwell*, 128 Ala. 147, 30 South. 663; 17 Cyc. 543.

(2) The first trial seems to have been in 1910, and the second
in 1912. The evidence shows without dispute that on the second
trial, the original letters being lost, copies of them were read
from the bill of exceptions. The bill of exceptions into which
these letters were copied was presented to the trial judge by for-
mer counsel for the defendant as a correct bill of exceptions, and
as containing correct copies of the original letters. The bill of
exceptions on appeal became a part of the record submitted to
this court, and we think the proof is sufficient to justify the con-
clusion that the record filed in this court, certified to by the clerk
of the circuit court as true and correct, contained correct copies
of the letters which were set out in the bill of exceptions. We
are also of the opinion that it may be reasonably concluded from
the evidence that the original letters were correctly copied into
the bill of exceptions. It appears without dispute, however, that
defendant's said former counsel so presented to the presiding
judge the bill of exceptions as containing correct copies thereof,
and the court had admitted such copies in evidence as correct
copies on a former trial. These letters seem to have formed a
part of the transcript submitted in this court on the last appeal,

and many quotations are found from some of them in the opinion rendered.

On the last trial the plaintiff, after making the preliminary proof necessary to the introduction of the evidence, offered in evidence copies of said letters from the record of this court on the second appeal. This evidence was objected to by the defendant, and it is now insisted that the admission of such copies was error calling for reversal of the cause. The decisions of our court appear to recognize that there are different degrees of secondary evidence, and that the rule requires the introduction of the best kind, or that character of evidence which it appears to be in the power of the party to produce.—*Powers v. Hatter*, 152 Ala. 637, 44 South. 859. This question of secondary evidence, and the phrase "copy of a copy," are treated in 2 Wigmore on Evidence, §§ 1274-1275. And Mr. Greenleaf, in his work on Evidence (vol. 1, § 83), said: "All rules of evidence are adopted for practical purposes in the administration of justice, and must be so applied as to promote the ends for which they were designed."

The above citation from Mr. Wigmore will disclose that the rule against what is termed "a mediate copy" is merely in the nature of a rule of preference.

In the instant case the point is made that the bill of exceptions should have been used, rather than the record presented in this court. The record as required by law, was certified to be true and correct by a sworn officer of the court, and was submitted to this court as correct. There is in it no indication or intimation that its correctness has ever been questioned, nor that the copies were incorrect. We are of the opinion that the certified transcript submitted in this court was, under the evidence, on an equality with the bill of exceptions itself so far as this question of secondary evidence is concerned, and therefore that in the ruling of the court as to the admission of these copies there is no error calling for a reversal of the cause.

(3) Numerous assignments of error are predicated on the rulings of the court in admitting these letters in evidence against the further objection that they were irrelevant and immaterial. It would serve no good purpose to treat in detail each of the letters and the discussion in regard thereto. Suffice it to say, they have each been carefully examined, and in the light of the pleadings and the issues thereby presented in and of the former

decisions of this court in this case, we have reached the conclusion that in these various rulings the court below committed no reversible error. While some of the letters clearly related to matters not embraced in this suit, yet on close inspection they throw some light upon the defendant's financial condition at the time they were written. As an illustration, it is insisted by counsel that the letter of date of February 28, 1903, related entirely to matters not concerned with this suit, but a reading of the letter discloses that it contains the information that the writer (the defendant) attempted to borrow $200, and in it he used the expression, "I am broke." Indeed, a quotation from this very letter is found in the opinion on the last appeal. Other letters tend to throw more or less light upon the question at issue.

(4) As previously stated, the evidence was sufficient for submission to the jury on the question whether or not Judge Winter was paid for his services pari passu with the rendition thereof. The defendant pleaded the general issue, as well as the plea of payment. When placed upon the stand in his own behalf defendant was asked, "Did you owe Judge Winter anything at the time of his death?" The objection to this question was sustained upon the theory that the witness was disqualified under section 4007, Code 1907, to answer the question. When the issues in the case are looked to, it may readily be seen that this question called for one of two answers—either that defendant had paid Judge Winter for his services when they were rendered, or that after becoming thus indebted to Judge Winter, he had paid him and thereby discharged the debt. We are of the opinion that necessarily in either event the answer would have been testimony involving a transaction with a deceased person, and would have come within the inhibition of the statute. Counsel for appellant cite in support of their insistence the case of *Blount v. Blount,* 158 Ala. 242, 48 South. 581, 21 L. R. A. (N. S.) 755, 17 Ann. Cas. 392. We do not think what was determined in that case at all militates against the conclusion here reached. There, it was held that the party could deny that he ever had a given transaction with the decedent, as to testify that a deed purporting to be signed by him was a forgery. Nor is the case of *Gamble v. Whitehead,* 94 Ala. 335, 11 South. 293, opposed to the present conclusions, the decision in that case being rested upon the fact that the question was general, and referred to no particular transaction with the deceased, and that it was only by implication that it could be said

to refer to a transaction with the deceased. We conclude that there was no reversible error in this ruling of the court.

(5) Nor do we think there was reversible error in the giving of charge B for the plaintiff. There was proof of other services rendered by Judge Winter for defendant, in matters not concerned in this suit, and, under the plea of payment, after the plaintiff had made out the prima facie case, the burden rested upon the defendant to show that the payments made to Judge Winter, which defendant claimed as credits, were made on the claim asserted in this case. This is the substance of the charge, and we do not see that there was error.

(6) Under the rule established in this court in regard to the cross-examination of witnesses, there was no reversible error in permitting the questions asked by counsel for plaintiff of the witness, James, on his cross-examination.—*Wilson v. State,* 191 Ala. 7, 67 South. 1010.

(7) The evidence in this case discloses without dispute that the compensation sued for is for services rendered in the arbitration proceeding, and in no other matter, and that this arbitration proceeding commenced in the spring or early summer of 1902. We do not think reversible error can be predicated upon the action of the court in sustaining the objection to a receipt signed by the deceased, for $75, bearing date practically a year before the arbitration proceedings, to wit, May 24, 1901.

(8) There was no error in the refusal of the charge asked by the defendant, which is the basis of assignment of error 70. There is no evidence in the record (and this is conceded by counsel for appellant) that plaintiff's testate rendered any legal services in the arbitration matter during the year 1904. The charge was therefore abstract and its refusal was not error.

(9) The trial court did not instruct the jury that the evidence must "satisfy" them as to the question of payment pleaded by the defendant. The matter referred to by counsel, as disclosed by the record, was a mere colloquy between counsel for plaintiff and the court. The court in its oral charge to the jury was careful to instruct them that they must be reasonably satisfied from the evidence. There is therefore no merit in assignment of error 63.

We have here reviewed those questions which seem to be treated as of prime importance on this appeal. To discuss each assignment and question in detail would draw out the opinion to undue length. Suffice it to say that the questions not here dis-

cussed have been nevertheless carefully considered, and that we conclude they are without merit.

Finding no error in the record calling for reversal of the case, the judgment of the court below will be accordingly affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.