## DANIEL DRUG CO. et al. v. COLLIER DRUG CO. (8 Div. 450.)

(Supreme Court of Alabama. April 13, 1922.)

**1. Justices of the peace ⬤ 134—Unnecessary to aver in complaint that judgment is unpaid.**

A complaint declaring on a justice's judgment need not aver that the judgment is unsatisfied or unpaid.

**2. Justices of the peace ⬤ 134—Judgment presumed to remain in force till contrary appears.**

A justice's judgment is presumed to remain in full force till the contrary appears, subject to the counter presumption that arises from lapse of time, under Code 1907, § 4154.

**3. Justices of the peace ⬤ 134—Judgment docket of justice prima facie evidence of obligation it imports.**

A valid judgment, as shown by a justice's docket, properly authenticated and admitted in evidence, is evidence, prima facie, of its own force, which, if unrebutted, justifies a finding that it had not been paid.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Action by the Collier Drug Company against the Daniel Drug Company and others on a judgment formerly rendered in justice court. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Tennis Tidwell, of Albany, for appellants.

The complaint alleges that the judgment was unpaid, and it devolved upon the plaintiff to prove this fact. 23 Cyc. 14, 15; 46

Okl. 724, 148 Pac. 1048, L. R. A. 1916A, 1181; 142 Ala. 429, 37 South. 673, 110 Am. St. Rep. 40, 4 Ann. Cas. 168; 91 Hun, 442, 36 South. 233; 166 Ala. 255, 51 South. 998, 52 South. 829, 53 South. 339, 139 Am. St. Rep. 33; 173 Ala. 550, 55 South. 828; 188 Ala. 153, 66 South. 11.

G. O. Chenault, of Albany, for appellee.

Judgments are supposed to remain in force until the contrary appears, and if paid that is defensive matter. 88 Ala. 399, 6 South. 753; 142 Ala. 429, 37 South. 673, 110 Am. St. Rep. 40, 4 Ann. Cas. 168; 21 R. C. L. 459, 460; 151 Cal. 458, 91 Pac. 100, 11 L. R. A. (N. S.) 619.

McCLELLAN, J. The plaintiff (appellee) sued appellants on a justice's judgment rendered in plaintiff's favor in January, 1916, against appellants. The trial was by the court without jury. The complaint declared on the judgment, alleging as well that "said judgment is wholly unpaid." The plaintiff introduced the justice's docket and the judgment here declared on, and this was all the evidence presented on the trial.

[1, 2] It is insisted that error affects the judgment under review, because the plaintiff made no proof that the justice's judgment was unpaid, as alleged in the complaint. In a complaint declaring on a judgment, it is not necessary, though usual, to aver that the judgment declared on is "unsatisfied" or "unpaid." Masterson v. Matthews, 60 Ala. 260, 266; Saunders' Pl. & Ev. p. 607; 1 Chitty's Pl. p. 371; Vaden v. Ellis, 18 Ark. 355, 358; Campbell v. Cross, 39 Ind. 155, 157; Law v. Vierling, 45 Ind. 25, 26; Carter v. Paige, 80 Cal. 390, 392, 393, 22 Pac. 188; 21 R. C. L. pp. 459, 460; 11 Encyc. Pl. & Pr. p. 1145; 2 Herman on Estoppel, p. 1430; Murphy v. Bank, 82 Ark. 131, 100 S. W. 894, 11 L. R. A. (N. S.) 616, 619, 12 Ann. Cas. 535. In Masterson v. Matthews, supra, it was said:

"* * * if the judgment was open to any defense, that was a proper subject for a plea. So it was not necessary to aver that the judgment remained of full force, unreversed, and unsatisfied. * * * Satisfaction and reversal are matters of defense."

The reason given for the conclusion that such an averment (among others) is not essential, not a matter of substance, is that upon the party against whom the judgment is interposed or pleaded rests the obligation to assert its want or loss of force or effect as an adjudication; for, as said in Campbell v. Cross, 39 Ind. 157, as well as by Herman at the citations ante, and in 21 R. C. L. "when rendered," a judgment "is presumed to remain in force until the contrary appears," subject, of course, to the counter presumption that arises from lapse of time (Code, § 4154)—a factor not present in this

instance. There are authorities to the contrary; but we adhere to the rule stated in Masterson v. Matthews, supra. We do not understand Kaufman v. Richardson, 142 Ala. 429, 37 South. 673, 110 Am. St. Rep. 40, 4 Ann. Cas. 168 or any of the three appeals in the Winter-Pollak litigation (Pollak v. Winter, 166 Ala. 255, 51 South. 998; 173 Ala. 550, 55 South. 828; Winter v. Pollak, 188 Ala. 153, 66 South. 11), to have involved the particular matter here brought forward for consideration.

[3] Considered as evidence, a valid judgment, properly authenticated and admitted in evidence, is evidence, prima facie, of its own force and of the obligation it imports, which, if unrebutted, justifies the trior of the fact to infer and to find that the judgment had not been paid. So the judgment itself justified a finding of the trial court consistent with the complaint's averment that the judgment had not been paid.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.