(96 South. 224)

## SHOOK v. BENSON.  (8 Div. 544.)

(Supreme Court of Alabama. April 26, 1923.)

1. Appeal and error ⬛➡1033(3)—Witnesses ⬛➡268(1)—Cross-examination of witness as to alleged claim of payment in behalf of defendant held not error.

In action on notes, where witness stated that he had made payments to transferee's agent, in behalf of defendant, from money witness had received from the sale of mules, but told the agent he got it from the sale of cotton, there was no error in permitting cross-examination as to whether he had a mortgage on the mules at that time, witness' answering that he did not know positively whether he had, such question and answer tending to explain that the payment was not in behalf of defendant but on a debt of witness or others than defendant, also held for collection by the agent,

nor was the answer prejudicial to defendant but favorable in its tendency as a failure in the attempt to prove other indebtedness on which witness paid to or through the agent.

**2. Payment ☞70(3)—Financial condition of party claiming to have made payment for another is pertinent inquiry.**

The financial condition of a party claiming to have made payment is a pertinent inquiry.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Action on promissory notes by J. B. Benson, for the use of Mrs. J. W. Moody, against John C. Shook. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Milo Moody, of Scottsboro, for appellant.

The question whether defendant's witness had a mortgage on his mules tended to prejudice defendant and was erroneously allowed. 10 R. C. L. 92.

Bouldin & Wimberly, of Scottsboro, for appellee.

The financial condition of a party claiming to have made payment is a pertinent inquiry. Pollak v. Winter, 197 Ala. 173, 72 South. 386; 30 Cyc. 1284.

THOMAS, J. The questions for review are rulings on evidence.

The suit, by J. B. Benson for the use of Mrs. J. W. Moody, was for a sum due on promissory notes. Plaintiff offered a note dated October 26, 1917, in the sum of $200, due December 1, 1920, with interest from date; also, a note of $200 of the same date, payable December 1, 1921, with interest from date.

In support of his pleas of payment and tender, defendant offered his son, Robert Shook, as a witness, who testified that on or about December 8, 1919, he paid to Mr. John F. Proctor, agent for Mrs. Moody, the sum of $200; that the payment was made in Proctor's office on the date indicated; that witness had a receipt therefor, but misplaced the same and had been unable to find it to the date of the trial; that witness had the payment so made credited on a $320.35 note of his (witness') father; and that Proctor "wrote the credit thereon with pen" at the request of witness. On cross-examination, the witness stated he was not positive as to the date of the indorsement on the note; that he owed a paper himself, which he paid in November with check on the First National Bank; that he had no other funds on deposit elsewhere; that he paid "the first time about $530," and "could not give the date for certain." The witness gave the amount of

the December payment for his father as $320.-35. The witness further stated: "I also owed him (Proctor) some and did not tell him I would pay it;" that after these payments, witness did not take up his notes; that he "paid him (Proctor) the money for Frank Mills who owed me (witness) $235 for mules and things I furnished him; he paid me in money I received from cotton I sold;" that witness carried "the money in my (his) pocket some two or three days before I (he) paid Mr. Proctor." The witness also stated: "I gave Mr. Proctor check for what I owed him but that was in November, on the First National Bank. I told Mr. Proctor I got the money I paid him out of cotton. No, I never mentioned the mule matter to him before." Plaintiff's counsel then asked the witness: "You had a mortgage on your mules at that time?" To this defendant objected on the ground that the evidence was "immaterial and irrelevant and could not have any purpose bearing" on the instant suit. The court overruled the objection, defendant duly excepted, and witness answered that he did not know positively whether he did or did not; that he did not think he did. Witness admitted that he did not pay the Snodgrass Mule Company the amount due them for that year; that he took his money and paid it on his father's debt, because witness "owed him," meaning his father; that Mr. Proctor admitted to witness that he (witness) "had paid that money"—"had paid him the $320.-35."

[1, 2] There was no error in permitting the foregoing question and answer. The witness, Robert Shook, was testifying in behalf of his father, the defendant, that he had made payment to the amount of $320.35 for his father, through Mr. Proctor, to Mrs. Moody as the transferee of the Benson notes. The question and answer tended to explain that the payment indicated was not in behalf of the defendant, John C. Shook, but on the indebtedness of the witness or other parties than John C. Shook, which was also held for collection by Mr. Proctor. Moreover, the answer of the witness was not prejudicial, since he denied the existence of the mortgage on his mules to other parties; or, at least, did not disclose the existence of such other indebtedness. The effect of the testimony was not prejudicial to the defendant, but was probably favorable in its tendency as a failure in the attempt to establish the other indebtedness on which Robert Shook paid to or through Mr. Proctor. Mr. Proctor, as a witness for the plaintiff, denied that Robert Shook made such payment in behalf of John C. Shook. This was an issue of fact for decision. The nature of this issue was such as to give rise to or authorize this latitude on cross-examining the witness as to the alleged payment. The financial condition of a party

claiming to have made payment has been held a pertinent inquiry; evidence touching such financial condition is relevant. Pollak v. Winter, 197 Ala. 173, 176, 72 South. 386; Turrentine v. Grigsby, 118 Ala. 380, 386, 23 South. 666; Cuthbert v. Newell, 7 Ala. 457; 30 Cyc., p. 1284.

It is unnecessary to discuss the other assignments of error not sufficiently insisted upon. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 South. 158.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.