(109 So. 361)

## ATWOOD v. BENSON. (1 Div. 416.)

(Supreme Court of Alabama. June 30, 1926.)

**1. Bills and notes ⟨⟩470.**

Complaint, in action by payee against maker of unpaid check, need not allege that debt evidenced by check is still unpaid, in view of Code 1923, §§ 9086, 9087, 9203, 9204, 9531.

**2. Payment ⟨⟩59.**

Payment is affirmative defense, which must be specially pleaded.

Appeal from Circuit Court, Mobile County; C. A. Grayson, Judge.

Action by R. L. Atwood against J. H. Benson. From a judgment of nonsuit on demurrer, plaintiff appeals. Reversed and remanded. Transferred from Court of Appeals under Code 1923, § 7326.

Harry T. Smith & Caffey, of Mobile, for appellant.

The drawer of a check is recognized as the principal debtor. Baxter v. Brandenburg, 137 Minn. 259, 163 N. W. 516. When the bank refuses payment for want of funds, the drawer is liable to suit on the check, and allegation that defendant has not subsequently paid the check is not required. Ahr v. Marx, 44 App. Div. 391, 60 N. Y. S. 1091. Except in suits on open account, the plaintiff is never required to allege in his complaint nonpayment of the debt sued on. Pollak v. Winter, 166 Ala. 255, 51 So. 998, 52 So. 829, 53 So. 339, 139 Am. St. Rep. 33; Gulfport Fertilizer Co. v. Jones, 15 Ala. App. 280, 73 So. 145; Code 1923, § 9470.

Inge & Bates, of Mobile, for appellee.

A check is a bill of exchange, and statutes applicable to bills of exchange apply to checks. Morse on Banks, §§ 363, 393; Randolph on Comm. Paper, 38; Bank v. Nelson, 105 Ala. 180, 16 So. 707. Complaint on draft or bill of exchange must state that the indebtedness is still due and unpaid. Code 1923, § 9531, forms 2, 3, 4. Where a statute provides the form of a complaint, omission of averments contained in the form renders a complaint demurrable. A. G. S. R. Co. v. Cardwell, 171 Ala. 274, 55 So. 185. Allegation that the check is unpaid is material, and must be made. Pollak v. Winter, 166 Ala. 255, 51 So. 998, 52 So. 829, 53 So. 339, 139 Am. St. Rep. 33; Rogers v. Brooks, 105 Ala. 549, 17 So. 97.

BOULDIN, J. The suit is upon a check, payment of which was refused by the bank for want of funds. The action is by the payee against the maker or drawer.

[1] The sole question presented for deci-

sion is whether the complaint is subject to demurrer for failure to aver the check, or debt evidenced thereby, is still unpaid.

"A check is a bill of exchange drawn on a bank payable on demand. Except as herein otherwise provided, the provisions of this chapter applicable to a bill of exchange payable on demand apply to a check." Code 1923, § 9203.

The maker of negotiable paper engages that he will pay it according to its terms. Code, § 9086.

The drawer of a check engages that on presentment to the bank it will be paid, and, if not, that he will pay it (Code, § 9087), subject to any loss caused by unreasonable delay in presenting to the bank for payment. Code, § 9204.

It is suggested that the Code forms intend to reduce pleading to the simplest terms; that no averment of such forms should be deemed surplusage. In that connection forms of complaint Nos. 2, 3, and 4 are cited as containing the averment that the demand is still unpaid. These forms are for suits on a bill of exchange by "indorsee against acceptor," "indorsee against drawer," and "indorsee against indorser." No form is given for suit by drawee against drawer, the case before us. Form 1, suit on note by payee against maker, does not negative payment. The same is true in suit between the immediate parties on bond without condition. Form 5. But in a suit by an assignee against an assignor of a note or bond the form does negative payment. Form 6.

This is suggestive that, where there are other parties to the instrument, primarily or secondarily liable, the Code form of complaint negatives payment, the equivalent of an averment that the instrument evidences a subsisting demand at the time of suit brought; but in suits between maker and payee, or obligor and obligee, the original parties to the instrument, no such averment appears.

[2] Code forms, or others substantially equivalent, are good. Section 9531. It is not necessary to here decide whether in all cases a complaint is defective which uses a Code form, but omits some clause thereof. Ordinarily, no averment is found in these forms not essential to the cause of action, and, if used, should be followed. As stated, there is no form prescribed for suit by the payee against the maker or drawer of a check. In some respects the action is more analogous to a suit on a note or bond by the payee against the maker than to an action by an indorsee of a bill of exchange. The general rule is everywhere recognized that payment is an affirmative defense. It must be specially pleaded.

In case of suit upon open account, as for services rendered, the plaintiff should adduce some proof of the unpaid balance due, and, failing therein, defendant is not put to proof of payment. Pollak v. Winter, 166 Ala. 255; 51 So. 998, 52 So. 829, 53 So. 339, 139 Am. St. Rep. 33; Pollak v. Winter, 173 Ala. 551, 55 So. 828.

This was a suit against an administrator for services rendered decedent; a case wherein payment vel non was within the special knowledge of plaintiff. Proof of nonpayment was required upon the ground that the mere performance of service does not raise a presumption that any unpaid debt therefor ever accrued; that it was as reasonable to presume services were paid for as rendered.

Here the existence of a debt is evidenced by the check itself; that it was not paid by the bank on presentation, fixed the liability on defendant to pay a matured demand then unpaid. It is conceded that an averment of nonpayment in the complaint would not have cast the burden of proof upon plaintiff, nor relieved defendant of the necessity to plead and prove payment. The allegation that the amount claimed is "due by the defendant to the plaintiff upon a check," etc., imports a present indebtedness. The purpose of pleading is to reasonably advise the opposing side what he is called upon to answer.

We conclude there was no need to aver the check was still unpaid. Daniel Drug Co. v. Collier Drug Co., 207 Ala. 308, 92 So. 895; Masterson v. Matthews, 60 Ala. 260; 21 R. C. L. p. 115, § 127.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.