(77 South. 923)

WILLIAMS v. STATE. (6 Div. 367.)

(Court of Appeals of Alabama. Feb. 5, 1918.)

1. CRIMINAL LAW ⬤=➤260(11)—REVIEW—CONCLUSIONS.

The general rule is that, when the evidence is ore tenus and the trial court has the advantage of seeing and hearing the witness, the appellate court will not disturb the conclusion of the trial court, unless it is plainly and palpably contrary to the weight of the evidence.

2. WITNESSES ⬤=➤337(1) — IMPEACHMENT — GENERAL BAD CHARACTER.

When defendant testifies in his own behalf, he subjects himself to impeachment as any other witness, and may be impeached by inquiry into his general character; inquiry not being limited to reputation for truth and veracity.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

Charlie Williams was convicted of violating the prohibition law, and appeals. Affirmed.

F. D. McArthur, of Birmingham, for appellant. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

⬤=➤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

BRICKEN, J. The defendant was tried by the court without a jury, upon an affidavit charging him with the offense of violating the prohibition law. The complaint contained several counts, and the defendant was convicted under the first count, from which judgment of conviction he appeals. There are only two questions presented for our consideration:

[1] 1. Did the evidence of the state make out a case under either of the several alternative averments of the complaint, or, in other words, was the corpus delicti proven? A careful examination of the evidence as shown by the bill of exceptions discloses the fact that it was in sharp conflict. It also discloses that there was sufficient evidence upon which to predicate the judgment of guilt, and therefore there was no error in the ruling of the court in declining to grant the motion to exclude the evidence. The general rule is, when the evidence is ore tenus, and the trial court has the advantage of hearing and seeing the witnesses, the appellate court will not disturb the conclusion, unless it is plainly and palpably contrary to the weight of the evidence. Thompson v. Collier, 170 Ala. 469, 54 South. 493, and cases cited therein; Hackett v. Cash, 196 Ala. 403, 405, 72 South. 52.

[2] 2. The defendant testified as a witness in his own behalf, and in rebuttal, over the objection of the defendant, the state was permitted to prove the general bad character of the defendant. In this there was no error. When a defendant testifies on the trial of the cause in his own behalf, he subjects himself to impeachment as any other witness. Buchanan v. State, 109 Ala. 7, 19 South. 410; Forman v. State, 190 Ala. 22, 67 South. 583. And he may be impeached by inquiry into his general character, and the inquiry is not limited to his reputation for truth and veracity. Byers v. State, 105 Ala. 31, 16 South. 716; Mitchell v. State, 94 Ala. 69, 10 South. 518. The only two questions presented by this appeal being free from error, and there being no error in the record, it follows that the judgment of conviction in the lower court must be affirmed.

Affirmed.