(79 South. 156)

**LAMPKIN v. THOMAS.** (8 Div. 455.)

(Court of Appeals of Alabama. May 7, 1918. On Rehearing, June 4, 1918.)

1. APPEAL AND ERROR ⊙⇝1041(1) —HARMLESS ERROR—AMENDMENT OF PLEADING.

In action against administrator on account verified, itemized, and presented to administrator and filed in office of judge of probate, it was not prejudicial error to allow amendment of affidavit and account, consisting merely in elimination of some of items.

2. EVIDENCE ⊙⇝582(3) — PRIOR TESTIMONY OF DECEASED WITNESS.

If a witness, either in civil or criminal cases, has given testimony in the course of judicial proceeding between the parties before a competent tribunal and subsequently dies, it is admissible to prove the substance of the testimony he gave formerly, and a transcript of evidence, taken before a justice of the peace, was admissible in connection with testimony of the court reporter.

3. APPEAL AND ERROR ⊙⇝1010(1) — FINDINGS BY TRIAL COURT ON REVIEW.

When evidence is ore tenus, or partly so, in action on account, and trial court has advantage of hearing and seeing witnesses, appellate court will not disturb conclusion, unless palpably contrary to weight of evidence.

*On Rehearing.*

4. EVIDENCE ⊙⇝376(1)—BOOKS OF ACCOUNT.

Under Code 1907, § 4003, where there was affirmative evidence that books offered by the plaintiff were books of original entry, books were admissible as proof of an account therein.

5. PAYMENT ⊙⇝65(6)—BURDEN OF PROOF—BOOKS OF ACCOUNT.

Books of original entry in an action on account, prima facie showed a credit transaction, imposing upon the defendant the burden of pleading and proving payment.

Appeal from Law and Equity Court, Morgan County; Thomas W. Wert, Judge.

Action by J. R. Thomas against Tennie S. Lampkin, administratrix of the estate of A. B. Lampkin, deceased. Judgment for plaintiff, and defendant appeals. Affirmed.

E. W. Godbey, of Decatur, for appellant. Wert & Lynne, of Decatur, for appellee.

BRICKEN, J. This action was brought by J. R. Thomas, appellee, against Mrs. Tennie S. Lampkin as administratrix of the estate of her husband, A. B. Lampkin, deceased, and was commenced in the justice court on November 14, 1914. From a judgment in favor of plaintiff, the defendant appealed to the Morgan county law and equity court, and from judgment for plaintiff in said court, this appeal is taken.

[1] The account sued on was verified and itemized, and had been presented to appellant as administratrix, and was also filed in the office of the judge of probate within the time provided by law.

We can see no error in the action of the court in allowing the amendment to the affidavit and claim as originally presented and filed. The purpose and effect of the amendment was to eliminate from the account such items as were not a proper charge against the estate. Each of the remaining items of the account, after the amendment had been made, were on the account as originally presented and filed, and certainly no error of a prejudicial nature could result from the ruling of the court in permitting improper items against the estate to be taken from the account. A different rule might apply if the proposed amendment had undertaken to add

⊙⇝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to the account sundry and divers new items, none of which had been presented to the administratrix or filed in the office of the judge of probate within the time required by law for the presentation or filing of claims and debts against the estate.

[2] There was no error in overruling the defendant's objection to the transcript of evidence taken on the trial of said cause before the justice of the peace, which transcript, as far as it related to the testimony of deceased witness Charlie Townsend, was offered in connection with the testimony of Court Reporter Wetherford. It was admitted that the witness Townsend, who had testified on former trial, was dead. It is a very general rule, applicable alike in civil and criminal cases, that if a witness has given testimony, in the course of a judicial proceeding between the parties litigant, before a competent tribunal, and subsequently dies, it is admissible to prove the substance of the testimony he gave formerly.

[3] The case was tried by the court without a jury, and the remaining questions presented on this appeal are the rulings of the court upon the evidence, and in each instance relate to the correctness of the account upon which this suit is based. An examination of each of these assignments of error fails to disclose any error which would authorize the reversal of this case. It appears that there was ample evidence to sustain the judgment, several witnesses having testified, in connection with the books of original entry and the ledger of the plaintiff, as to the correctness of the account, and that the items charged had been as a matter of fact actually delivered. The general rule, as announced many times by this court and by the Supreme Court, is that when the evidence is ore tenus, or partly so, and the trial court has the advantage of hearing and seeing the witnesses, the appellate court will not disturb the conclusion, unless it is plainly and palpably contrary to the weight of the evidence. Williams v. State, 77 South. 923;[1] Thompson v. Collier, 170 Ala. 469, 54 South. 493.

The judgment is affirmed.

Affirmed.

## On Rehearing.

PER CURIAM. [4, 5] There was proof offered that the books tendered by the plaintiff were books of original entry. Mrs. Thomas affirmatively testified to this fact, and on this predicate the books were admissible as proof of the account (Code 1907, § 4003), and prima facie met the burden resting upon the plaintiff, including that of nonpayment. In other words, the books of account being admissible, they prima facie showed a credit transaction, imposing upon the defendant the burden of pleading and proving payment. Pollak v. Winter, 166 Ala. 255, 51 South. 998, 52 South.

829, 53 South. 339, 139 Am. St. Rep. 33; Id., 173 Ala. 556, 55 South. 828.

This answers the contentions of the appellant in the application for rehearing, and the application is overruled.

Application overruled.