## BOWMAN v. STREET. (6 Div. 20.)

(Court of Appeals of Alabama. Feb. 1, 1927.)

1. **Bills and notes ⬅516 — Introduction of notes sued on answered plea of general issue, in absence of pleading non est factum (Code 1923, § 7662).**

In action on negotiable promissory notes, notes introduced in evidence were complete answer to plea of general issue, in absence of pleading non est factum, under Code 1923, § 7662.

2. **Appeal and error ⬅1078(1)—Assignments of error, not mentioned in argument in brief, are waived.**

Assignments of error are waived, where not mentioned in argument in appellant's brief.

3. **Bills and notes ⬅489(1)—Where sole issues in action on notes were ownership and plaintiff's status as innocent purchaser, separate contracts relating to consideration held inadmissible.**

In action on negotiable promissory notes, where only issues were plaintiff's ownership and status as innocent purchaser for value without notice, excluding separate contracts relating to consideration of notes *held* proper.

4. **Bills and notes ⬅370—In action by purchaser for value without notice of negotiable promissory notes, that notes were without consideration held no defense.**

In suit on notes of which plaintiff claimed to be innocent purchaser for value without notice, it was no defense that notes were given without consideration, or that consideration failed.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action on promissory notes by T. E. Street against J. W. Bowman. From a judgment for plaintiff, defendant appeals. Affirmed.

W. T. Edwards, of Birmingham, for appellant.

Issues raised by the pleadings are for the consideration of the jury. Steed v. Knowles, 97 Ala. 573, 12 So. 75; Marcy v. Howard, 91 Ala. 133, 8 So. 566; Blount v. Blount, 158 Ala. 242, 48 So. 581, 21 L. R. A. (N. S.) 755, 17 Ann. Cas. 392. The test of relevancy is the tendency to prove issues presented by the pleadings. Farmers' Mutual Ins. Ass'n v. Stewart, 192 Ala. 24, 68 So. 254.

Erle Pettus, of Birmingham, for appellee.
Brief of counsel did not reach the Reporter.

SAMFORD, J. Plaintiff declared on five negotiable promissory notes, signed by defendant, and payable to R. G. Walker, Code 1923, § 9202. To this complaint, defendant filed a sworn plea denying ownership in plaintiff, three pleas alleging want of consideration, and a plea of the general issue. The plaintiff, replying to these pleas, alleged that he was a bona fide purchaser for value without notice. Issue was joined on this pleading.

[1] In the absence of a plea of non est factum, the notes introduced in evidence were a complete answer to defendant's plea of the general issue. Code 1923, § 7662; Chilton W. & Mfg. Co. v. Lewis, 3 Ala. App. 464, 57 So. 100. The two questions then to be litigated were: (1) Is the plaintiff the owner of the notes sued on? (2) Is he a purchaser for value, before maturity, and without notice? These questions were submitted to the jury under a proper charge of the court.

[2] Appellant in a very general way insists that the court erred in its rulings as to the admission of evidence, in that such rulings "cut appellant off from proving pleas 2, 3, 4, and 5; * * * he was therefore cut off entirely from making his defense," but as to how or when we are left to surmise. Appellant also states, in that part of his brief marked "Argument":

"The trial court submitted to the jury the issues made by appellant's special plea No. 1, entirely ignoring or withdrawing from the jury issues raised by appellant's other pleas." "This he did, not only by the ruling on the testimony, but also by the written charges given at the request of appellee."

We have quoted practically all of that part of appellant's brief marked "Argument." These statements, of course, are of no aid to the court in arriving at a decision of the case, and might well be held to be a waiver of all errors assigned. Etheredge v. Tenn. Valley Bank, 20 Ala. App. 573, 104 So. 288. It certainly is a waiver of all assignments of error not mentioned. None the less we have given consideration to the pleading and evidence referred to in the statements above.

[3] The suit being on negotiable promissory notes, the plea denying ownership in plaintiff, and the replication of plaintiff, claiming to be an innocent purchaser for value without notice, became the only issues to be litigated before the jury. Evidence relating to these issues was relevant and admissible. On the other hand, contracts made separately, relating to the consideration of the notes, were not relevant, and were properly excluded. The agreement between J. W. Bow-

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

man et al. was res inter alios acta, and was irrelevant, as was the record of an attachment suit in which this plaintiff was not a party, and of which he is not shown to have had notice.

[4] Whether there was an original consideration for the notes, or a failure of consideration after the notes were given, was no defense to plaintiff's replication that he was an innocent purchaser for value without notice. 2 Mich. Dig. 367, par. 189 et seq.

The rulings of the trial court were in accord with the foregoing. There is no error in the record, and the judgment is affirmed.

Affirmed.