15902

WALTERS *ET AL.* v. KIRKWOOD *ET AL.*

(40 S. E. (2d), 795)

*Mr. J. K. Owens,* of Bennettsville, for Appellants,

*Messrs. Stevenson & Lindsay,* of Bennettsville, for Respondents,

January 2, 1947.

Mr. Associate Justice Stukes delivered the unanimous opinion of the Court.

Dr. J. A. Faison of Marlboro County died there about December 21, 1915, leaving a will dated June 4, 1913, which was proven in the Probate Court on December 28, 1915, and his widow was appointed and qualified as administratrix *cum testamento annexo,* called in the present appeal record and briefs "executrix".

There was a devise of real estate to the widow for life with remainder to testator's four named children or their bodily heirs. The personal property was bequeathed to the widow, except a legacy of $150.00 to one of the daughters, and except three policies of $1,000.00 each of life insurance. The proceeds of two of them were given by the terms of item 4th of the will to the four children, and the third to testator's widow, by item 2nd, quoting, "to have and hold during her lifetime, and at her death to go to my children as named in item one of this will". Item one contained the devise of the real estate to the widow for life and then to his children, who were named, or the heirs of their bodies.

The widow of testator was his second wife and, the record indicates, was not the mother of testator's children who

were the other beneficiaries of his will. It developed that one of the insurance policies referred to in item 4th of the will was payable to the insured's deceased first wife, and it was necessary for one of the children to administer upon the estate of the beneficiary in order to collect the proceeds of this policy, which was done and distributed in accord with the bequest of it to the children.

The record of the Probate Court of the will and administration was introduced in evidence by the plaintiffs. It contained the usual papers and an imperfect return, filed January 16, 1917, and designated "First and Final Return". Discharge of the administratrix, c. t. a., was issued February 10, 1917, by the Judge of Probate and it contained the recitals that she had filed petition setting forth the faithful performance of her duties and that the required publication had been made and no cause shown against the application for discharge, etc.

The widow lived until May 25, 1943, and left her will dated June 15, 1938. The executors qualified and entered upon the discharge of their duties. The children of her deceased husband presented to the executors their claim for $1,000.00, the proceeds of the insurance policy bequeathed to her for life by the provision of her late husband's will, quoted above, with remainder after her death to them. Upon refusal to pay the claim this action was commenced by the "children" on July 24, 1944. The complaint recites the bequest, that the insurance money in question was promptly paid to Mrs. Faison and that the defendants, as executors, have refused to pay the sum to the plaintiffs; who asked for judgment for $1,000.00 and interest.

The answer admits the death and will of Dr. Faison, that the latter was admitted to probate, the estate administered and final return thereof made by the defendants' testatrix and that such return shows payment to plaintiffs of the funds for which they now sue, and the discharge is pleaded as a bar to this action. The answer contains the further de-

fenses that none of such funds came into their hands as executors, and lapse of time with alleged resultant applicability of the Statute of Limitations. There is no admission in the answer of receipt of the funds by Mrs. Faison, which is important, in view of the failure of plaintiffs to adduce effectual proof of it upon trial.

The suit was docketed and came on for trial by jury. Plaintiffs put in evidence the probate proceedings upon the several estates which have been mentioned and then offered one of themselves as a witness. He testified to the identity of himself and his co-plaintiffs as the children of Dr. Faison and his deceased stepmother as the widow. It was then undertaken to prove by the witness that he and the other plaintiffs had not been paid the proceeds of the insurance in question. Defendants successfully objected upon the ground that the reception of such testimony would be in violation of Section 692 of the Code which excludes testimony of a witness who is interested against the defendant estate of a deceased, relating to communications or transactions of the witness with decedent. Exception to this ruling gives rise to a principal question in the appeal. Effort was further made to obtain the evidence of the witness that plaintiffs' testatrix had stated to the witness in her lifetime that she had collected the proceeds of the insurance. The same objection was sustained.

It was agreed that the other plaintiffs were present in court and, if called as witnesses, would· be asked the same questions, the answers to which would be similarly excluded by the court upon timely objection by defendants.

The defendants offered no evidence and moved for the direction of verdict upon the ground, in effect, that there was no proof of the cause of action stated in the complaint. The plaintiffs also moved for direction of verdict in their favor. Thereupon the court directed a verdict for the defendants for lack of evidence that Mrs. Faison had received the funds for which the suit was brought. This appeal followed.

Assuming that the ruling excluding answers to the ■ stated questions was a proper and correct one, it will first be considered whether there was other submissible evidence that Mrs. Faison received the insurance which was bequeathed to her for life, remainder to plaintiffs, under the terms of the will. For that appellants rely upon her return as administratrix, c. t. a., which has been referred to. It was found sufficient by the Probate Court although it was unverified and falls far short of the requirements of good accounting. It contains only a list of disbursements, including the funeral expenses and sundry small accounts, presumably the debts of the deceased, the court costs of the administration and publication, and the following:

"Mar 1916 Paid Kerr Faison          $237.66
    "      "    " Mrs. Fred Rogers        237.66
    "      "    " Mrs. Dana Crosland      237.66
    "      "    " Mrs. Fred M. Walters    237.66"

It is agreed in the record for appeal that these items represent the collection of the proceeds of one of the one-thousand-dollar policies (item 4th of the will) and distribution, less the commissions and costs of administration. The other of them, which was payable to the first wife of Dr. Faison, was collected by an administrator of the estate of the beneficiary and distributed, as stated above. It is the third and last policy which gave rise to this controversy and is that referred to in item 2nd of the will.

At the end of the untotaled list of disbursements, which constituted the return of the administratrix, c. t. a., and below her signature thereto, there appears the following:

"Amt. received from Insurance Comp.     $1,000.00
Amt. paid Heirs                          $1,000.00"

Thus the only evidence in the record of receipt by Mrs. Faison of the presently controverted $1,000.00 is the foregoing entry of receipt by her. Unfortunately for plaintiffs, to it is subjoined the countervailing entry, "Amt. paid Heirs $1,000.00". Plaintiffs' evidence of receipt is thereby

effectively offset by the exactly equal evidence of disbursement by the recipient. It is suggested by plaintiffs, appellants here, that the $1,000.00 entries refer, in a sort of recapitulation, to the four items of $237.66 each which precede the signature of the administratrix to the foregoing list of disbursements, which is not understood, for if true it would avail them nothing. But the lower court found, and we find, no fact or circumstance which reasonably supports such an inference. It is admitted that the four odd amount payments constitute an accounting of the distribution required of the administratrix of the proceeds of the one of the item 4th policies which she collected, after deduction of costs and commissions; and it is a natural, if not irresistible, inference that the subsequent, post-signature, balancing entries refer to the proceeds of the policy now in controversy, that disposed of in item 2nd of the will.

It is not infrequent that a litigant proves himself out of court, as it is sometimes said. An illustration is *Greenville County v. Stover*, 198 S. C., 240, 17 S. E. (2d), 535, where effort to recover allegedly illegal counsel fees was defeated by the introduction in evidence by plaintiff of the proof taken in another proceeding which established the propriety of the fees. It was pointed out by the court that the evidence was adduced without undertaking to limit the purpose of its introduction, as is true in the case before us. Another example is *Murphy v. Equitable Assurance Society*, 197 S. C., 393, 15 S. E. (2d), 646, where plaintiff introduced evidence to show the employment of a former assured, but the documents also proved the prior termination of the employment and the consequent exclusion of the former insured from the policy benefits.

The appellants here are, therefore, bound by the evidence upon which they rely, which is to the effect that the insurance money was collected by respondents' testatrix but immediately distributed by her to them. It is inferable that she followed that course to avoid the burden and risk incident to a life estate in uninvested cash, particularly of this modest amount; but it is not necessary to determine her motive.

Appellants' only effort at other evidence of Mrs. Faison's receipt of the money was the tender of their own testimony that she had admitted to them in her lifetime that she had received it, which was excluded by the trial court, as were their attempts to testify that she had not paid them the proceeds. These items of proffered testimony were rejected upon the same ground and therefore make one issue. Was the testimony incompetent under the provisions of Sec. 692 of the Code of 1942? That it was is established by our decisions. The conclusion is not difficult upon application of the analysis contained in the leading case of *Norris v. Clinkscales,* 47 S. C., 488, 25 S. E., 797 (opinion by the able, Scotch-born Judge W. C. Benet). The witnesses are the plaintiffs in the action and their proffered testimony related to transactions and communications between them and the deceased testatrix whose defendant estate was represented in the action by the respondents, the executors of her will. The situation is a simple one and undoubtedly called for application of the cited statute when it was invoked by respondents.

The last pertinent pronouncement of this Court is found in *Riddle v. George,* 181 S. C., 360, 187 S. E., 524, where testimony of a plaintiff in an action against an estate, to the effect that the decedent had not paid her for her services, was held incompetent as relating to a transaction with the deceased. Other similar decisions may be found in 34 S. E., D-2, Witnesses, Key 125 *et seq.*; in the copious annotation following the section in the code; and the subject is treated in 70 C. J., 317, 28 R. C. L., 492 *et seq.,* 41 A. L. R., 1044, and 30 A. & E. Encyc., from page 1028, of which latter we quote: "The payment of money to or by a person since deceased or insane is a transaction with him, testimony concerning which is excluded by the statute when the witness is a party to the suit, etc., and so, too, testimony that a debt of the decedent to the witness had not been paid is inadmissible, since the question whether or not the money had been paid necessarily involves a transaction with the decedent".

It may not be amiss to say that this case has been difficult of determination because of the dearth of evidence relating to the facts alleged, with resulting danger that justice may not be done; but this court exists only for the correction of legal errors in law cases and is necessarily confined in its consideration to the record made by the litigants in the trial court.

For the reasons assigned, the exceptions are overruled. and the judgment affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, TAYLOR and OXNER concur.