91 So.2d 240

**SELMA COMPRESS COMPANY**

v.

**Lawyer PARKER.**

2 Div. 903.

Court of Appeals of Alabama.

Dec. 4, 1956.

B. V. Hain, Selma, for appellant.

John Randolph Smith, Selma, for appellee.

PRICE, Judge.

Appellant brought suit against appellee for the sum of $217.76, balance due on a promissory note executed by appellee to D. L. Johnson and assigned by D. L. Johnson to appellant.

The defendant pleaded, in short by consent, the general issue and payment. The jury returned a verdict in favor of defendant-appellee.

In the absence of a sworn plea, the introduction of the note in evidence made out a prima facie case for plaintiff. Code 1940, Tit. 7, § 374; Bowman v. Street, 21 Ala.App. 643, 111 So. 316; Dawsey v. Kirven, 203 Ala. 446, 83 So. 338, 7 A.L.R. 1658; Stull v. Daniel Mach. Co., 207 Ala. 544, 93 So. 583. The burden of proof to sustain the plea of payment rested upon the defendant. Selman v. Bryant, 261 Ala. 53, 72 So.2d 704; Meador-Pasley Co. v. Owen, 222 Ala. 392, 133 So. 35; Raia v. Goldberg, 33 Ala.App. 435, 34 So. 2d 620, certiorari denied 250 Ala. 398, 34 So.2d 625.

Plaintiff's witness, Ethel Johnson, bookkeeper for D. L. Johnson, testified on cross examination that the original amount of the debt for which the promissory note, secured by a chattel mortgage, was given was $1,250, and that the amount shown still owing on Mr. Johnson's books was around $200, and so far as she knew there was no credit given defendant for the assignment by D. L. Johnson to Selma Compress Company of the note and mortgage; that she did not know whether any of the property described in the mort-

gage was delivered to Mr. Johnson. The note was due September 15, 1950.

Plaintiff's witness, D. L. Johnson, testified that defendant lived on his place and did business with him in the year 1950; that payments were made on the note; that defendant sold some cotton to the Selma Compress Company and brought the check to him; that an attorney was employed to collect the indebtedness and the property covered by the mortgage was sold and the proceeds turned over to him as payment on the note. The witness testified he received a check from the Selma Compress Company dated June 25, 1951, payable to witness, in the sum of $196.03, as payment for a bale of cotton sold by defendant to Selma Compress Company, which cotton was covered by defendant's mortgage to the witness; that at the time he received this check, and in exchange for it, he turned over to the Selma Compress Company the note in issue; that it was his best recollection that there was a balance of $17 due on the note, but after looking at the note he stated the balance due was $217.76. On cross examination the witness testified the note was not assigned to the Selma Compress Company on the date he received its check for $196.03, but was given to it at that time and the assignment was made sometime during the year of 1954, and was not placed on the note prior to February 14, 1952, the date suit was filed.

This witness further testified that in October, 1950, his attorney filed a detinue suit for the livestock, wagon, farming tools, crops, etc., covered by the chattel mortgage securing the note; that defendant was given credit for the amount of money collected by the attorney, but that the check from the Selma Compress Company had not been credited on the mortgage; that at the time he actually transferred the note to Selma Compress Company defendant owed him $21.73, but he had given the note to plaintiff at the time he demanded and received the check for the cotton.

The attorney for the defendant stated to the court that it was stipulated between the attorneys for the parties that the sum of $626 was paid to the attorney for D. L. Johnson on December 8, 1950, which sum, less $50 attorney's fee, leaving balance of $576, was turned over to Mr. Johnson to be applied on the indebtedness and that on September 21, 1950, there was paid to Mr. Johnson the sum of $405.54 and on October 3, 1950, there was paid to Mr. Johnson the sum of $62.38; the total amount of the stipulation, aside from the $196.03 check from the Selma Compress Company, being $1,043.92.

The defendant testified that during the fall of 1950 he sold three bales of cotton and a remnant of a bale to the Selma Compress Company and paid all of the money received to D. L. Johnson; that the last bale he sold brought $196.03 and that he gave this money to Mr. Johnson at the gate in front of his house; that he always paid Mr. Johnson in cash and never gave him a check; that Mr. Johnson never gave him a receipt for any money paid to him; that the other money was paid when he sold his cattle, farming tools, crops, and everything else he had.

■ As to a holder after maturity the note is subject to all the equities and defenses existing between the maker and payee. Ala.Dig.Bills and Notes, ⊂⇒351; Carroll v. Malone, 28 Ala. 521.

■ The evidence presented questions for the determination of the jury, and was sufficient to support the verdict, therefore, the motion for a new trial was overruled without error.

The judgment is affirmed..

Affirmed.