PEARSON, Judge.
Gerald Knauer, as administrator of the estate of his uncle William Liebow, deceased, brought suit against William Levy and Pearl H. Levy upon a $25,000 promissory note payable to Liebow and signed by the Levys. Paragraph numbered “3” of the complaint alleged “Defendants owe to plaintiff the amount of said note and interest.” The answer admitted the allegations of the complaint except for paragraph numbered “3” and “affirmatively allege that said note has been paid in full.” The administrator was the only witness for the plaintiff. Upon his testimony, that he found the note among his uncle’s (William Lie-bow’s) papers, it was admitted into evidence. The administrator was unable to testify of his own knowledge as to what amount, if any, was due upon the debt represented by the note.
The court upon motion granted a directed verdict for the defendants and from the final judgment the administrator appeals. The sole question to be decided is: In a suit upon a promissory note must the plaintiff prove by evidence dehors the instrument that the debt is due and unpaid in order to establish a prima facie case?
The promissory note is itself evidence of the existence of the debt and its introduction into evidence is sufficient to establish a prima facie case.[1] When it is regularly admitted into evidence no additional evidence of the present existence of the debt is necessary upon the case of the plaintiff.
Upon the retrial of this case, the defendants, who set forth the affirmative defense of payment in their answer,[2] have the burden of establishing payment to plaintiff’s intestate by a preponderance of the evidence.[3]
Reversed and remanded for a new trial.
HORTON, C. J., and CARROLL, CHAS., J., concur.

. E.g., Cooper v. Gilbert, 10 Cir., 1930, 40 F.2d 260; Selma Compress Co. v. Parker, 38 Ala.App. 628, 91 So.2d 240, 241. See eases collected at 11 C.J.S. Bills and Notes § 682.

. Rule 1.8(d), Fla.Rules Civ.Proc., 30 P. S.A.; 3 F.P.L. Bills and Notes, § 197.

. Sariego v. International Bank of Tampa, 119 Fla. 106, 160 So. 876; Click v. Dowd, 102 Fla. 336, 135 So. 840; cf. Parsons v. Ramsey, 53 Fla. 1055, 43 So. 503; Drake Lumber Co. v. Semple, 100 Fla. 1757, 130 So. 577, 581, 75 A.L.R. 687.