125 So.2d 760 (1961)
BROWARD NATIONAL BANK OF FORT LAUDERDALE, a national banking institution, as Executor of the Estate of Jean Moyer Beddow, deceased, Appellant,
v.
Charles R. BEAR and Billy R. Kinsey, Appellees.
No. 1892.
District Court of Appeal of Florida. Second District.
January 4, 1961.
Watson, Hubert & Sousley, Fort Lauderdale, for appellant.
No appearance for appellees.
KANNER, Judge.
Broward National Bank of Fort Lauderdale, as executor of the Estate of Jean Moyer Beddow, instituted action against Charles R. Bear and Billy R. Kinsey, as makers of a promissory note in the principal sum of $500. The cause was heard by the judge without jury, and he entered a judgment in favor of the makers of the note on their defense of payment.
The appeal questions the ruling of the trial judge permitting the defendants, as the makers of the note sued upon, to testify concerning the alleged payment of the note to the deceased and to introduce into evidence a certain check purporting to show payment. The plaintiff asserts that the testimony and exhibit were admitted in *761 contravention of section 90.05, Florida Statutes, F.S.A., commonly referred to as the Dead Man's Statute.[1]
That the defendants executed the note is not disputed. The note was dated October 14, 1958; however, the due date was shown as January 2, 1958. The defendants through their answer alleged that the note had been executed on October 14, 1957, rather than on October 14, 1958, and further averred the defense of discharge by payment.
Plaintiff's case was properly established. The defendants testified on their own behalf; and timely objection was made to their testimony concerning payment of the note to the deceased and also to admission in evidence of a cancelled check claimed to have been delivered to the deceased in payment of the note. These objections were made on the premise that such testimony and exhibit were incompetent under the previously cited statute. The trial judge overruled the objections. The plaintiff declined to cross examine and did not lay any basis for waiver of the protection of the statute by any action on its part.
The trial judge's ruling was predicated upon the case of Terwilligar v. Ballard, 1912, 64 Fla. 158, 59 So. 244, 246, a mortgage foreclosure suit in which the following statement appears:
"* * * Proofs of payment to a deceased person may be made without violating the statutory or common-law rules of evidence."
This statement is merely dictum and is taken out of the context of the case. In that case, no ruling was involved, as here, on the issue of admitting or rejecting certain testimony offered to establish payment over objection that the testimony was incompetent under the Dead Man's Statute. Moreover, the statement that proofs of payment to a deceased person may be made does not necessarily mean that such proofs may be made through testimony precluded under the prohibitory provisions of the statute. The statement does not classify the type of evidence which may constitute such proof, nor does it define an exception to the Dead Man's Statute where testimony otherwise barred pertains to payment of an obligation owed to a deceased.
The statute under consideration applies to persons interested in the event of the action and operates as a bar to their testimony as to transactions and communications between them and the deceased person. The term "transaction" has not been given any very definite connotation by the courts. It has been said that whatever may be done by one person affecting the rights of another out of which a cause of action may arise constitutes a transaction. Thus the Supreme Court of Florida, in dealing with the admissibility of evidence as to transactions and communications with deceased persons has defined those terms as embracing "every variety of affairs which can form the subject of negotiation, interviews, or actions between two persons, and include every method by *762 which one person can derive impressions or information from the conduct, condition, or language of another." Embrey v. Southern Gas & Elec. Corp., Fla. 1953, 63 So.2d 258, 263; and Leighton v. Harmon, Fla.App. 1959, 111 So.2d 697.
Essential in determining the application of the statute is the interest of the witness in the subject matter involved. The test of "interest" of a witness is whether the witness will gain or lose by direct legal operation and effect of the judgment or whether the record in the case will be legal evidence for or against him in some other action. In this connection, the interest must be a present and vested interest and not one uncertain, remote, or contingent. Parker v. Priestley, Fla. 1949, 39 So.2d 210; and Leighton v. Harmon, supra.
There can be no doubt whatever that the interest of the defendants in the present litigation fulfills the test standards. Solely through their testimony that they had paid the note did the trial court relieve them of their obligation on that note. It must be recognized that payment is an affirmative defense imposing the burden of establishing it upon the defendants.
General authorities, as well as many decisions of other jurisdictions, support the rule that testimony of a witness of the payment or non-payment of an obligation to a deceased person concerns a transaction with him within the statute relating to transactions with a deceased person, thereby rendering the testimony incompetent. See 58 Am.Jur., Witnesses, section 245, p. 161; and 97 C.J.S. Witnesses § 179, p. 624, § 193, p. 641, and § 221f, pp. 687-689. See the cases of Walters v. Kirkwood, 1947, 209 S.C. 470, 40 S.E.2d 795; Glover v. Ellis, 1930, 42 Ga. App. 335, 156 S.E. 272; Monticello State Bank v. Schatz, 1936, 222 Iowa 335, 268 N.W. 602; Harrell v. Westover, Ky. 1955, 283 S.W.2d 197; Stovall's Ex'r v. Slaughter, Ky. 1954, 268 S.W.2d 943.
It follows that the testimony of the defendants that they had paid the note was erroneously admitted. The judgment is reversed and the cause is remanded for a new trial.
Reversed.
ALLEN, C.J., and SHANNON, J., concur.
NOTES
[1] "Witnesses; as affected by interest  No person, in any court, or before any officer acting judicially, shall be excluded from testifying as a witness by reason of his interest in the event of the action or proceeding, or because he is a party thereto provided, however, that no party to such action or proceeding, nor any person interested in the event thereof, nor any person from, through or under whom any such party, or interested person, derives any interest or title, by assignment or otherwise, shall be examined as a witness in regard to any transaction or communication between such witness and a person at the time of such examination deceased, insane or lunatic, against the executor, or administrator, heir at law, next of kin, assignee, legatee, devisee or survivor of such deceased person, or the assignee or committee of such insane person or lunatic; but this prohibition shall not extend to any transaction or communication as to which any such executor, administrator, heir at law, next of kin, assignee, legatee, devisee, survivor or committeeman shall be examined on his own behalf, or as to which the testimony of such deceased person or lunatic shall be given in evidence."