WHITE, Judge.
Defendant Anna L. Stebnow, as adminis-tratrix of the estate of Basil Stebnow, appeals a $6,500 judgment rendered against her for loans allegedly made by plaintiff W. C. Goss to decedent David Stebnow during the latter’s lifetime. The plaintiff was permitted to establish the alleged indebtedness on the basis of three 1959 can-celled checks which bore no inscription indicating the purpose for which-they were given. Prior to plaintiff’s suit the adminis-tratrix objected to the claim as filed in probate court and protested that she was with *253 out knowledge of any such indebtedness of the decedent. Accordingly, in answer to plaintiff’s ensuing action at law, the admin-istratrix denied liability.
The question before us is whether or not the record of the trial, which was conducted in awareness of the Dead Man’s Statute,[1] discloses evidence sufficient to establish a debt owed by the decedent to the plaintiff. Tentatively assuming the admissibility of all the testimony and the exhibits comprising principally the cancelled checks, we find the evidence insufficient to establish the first prerequisite to liability, viz., indebtedness of the decedent. The cancelled checks were introduced but, as hereafter emphasized, the evidence remained devoid of any writing purporting to acknowledge or represent an indebtedness; and the meagre supplemental testimony failed to supply the deficiency.
A bank cashier testified without objection that according to the bank records three 1959 checks totaling $6,500 had been drawn by the plaintiff to the order of Basil Stebnow, to whose account the funds were deposited. The plaintiff himself was his only other witness. He testified over objection that on the dates of the checks he, the plaintiff, was not indebted to the decedent. This was the sum and substance of the testimony. There was adduced no testimony whatsoever to establish affirmatively just what the checks were supposed to represent. After the checks were received in evidence over objection, the plaintiff rested. The defendant administratrix offered no testimony. In the final judgment the trial court, having heard the case by accordance without a jury, stated:
“This cause coming before the Court for trial and final disposition, and the Court having heard all of the testimony herein and examined the documents received in evidence, finds that the plaintiff has proved the material allegations of his complaint by a preponderance of the evidence. The defendant claims the testimony of the plaintiff was not admissible; however, the Court is of the opinion that it was admissible. Excluding the plaintiff’s testimony, and taking the testimony of the banker and the evidence shown by plaintiff’s exhibit 9, which was admitted without objection, the evidence preponderates in favor of the plaintiff.”
Exhibit 9 cited in the quoted judgment consists only of plaintiff’s claim which he filed against the estate[2] and to which, as previously stated, objection was interposed in probate court.[3] We hold that such protested claim is not of itself evidence of a loan transaction and that the cancelled checks do not of themselves raise a presumption of indebtedness on the part of the defendant’s intestate. Objection to the checks was therefore proper, cf. Broward National Bank of Fort Lauderdale v. Bear, Fla.App.1961, 125 So.2d 760, 84 A.L.R.2d 1352.
Checks are used for manifold purposes. A check may be given in connection with a sale or exchange of property. It may be used to effect or redeem a pledge or to carry out some fiduciary purpose; or it may represent a gift. Checks, in short, are used for divers purposes other than the advancement of loans. So reasonable prudence, especially in the case of an unsecured loan, demands a clear evidence of the debt to meet the contingency of the Dead Man’s Statute and guard against presumptions from circumstances[4] which otherwise might be inconsistent with a claim of indebtedness. An ordinary can- *254 celled check is not per se indicative of a debt of the payee to the drawer.
It is not necessary here to assess the reasons for the Dead Man’s Statute or to reconcile the lack of complete uniformity in some aspects of its application. We simply note that while the soundness of the rule is often reasserted on the ground that the dead cannot speak to affirm or deny, there is respectable sentiment to the effect that testimony now excludable under the statute ought to be admissible subject to caution as to its weight.[5] Be that as it may, this portion of the statutes has not been repealed, and it stands as an express exception to the general statutory rule that a witness is not disqualified by reason of interest. We apprehend that the exception has been enforced in Florida with considerable strictness and consistency.
Generally the rules of evidence do not seriously impede a bona fide litigant who has been reasonably prudent in his business affairs. A merchant who so handles his credit accounts is in good position to establish his claim against the estate ■of a deceased customer. A plaintiff who is holder in due course of a negotiable promissory note meets initial requirements of proof by relying on the express promise which presumptively holds the personal representative of the maker, the note itself importing a valuable consideration.[6] If, however, there is only a cancelled check in the hands of a plaintiff drawer, we know of no reported decision holding that the check is prima facie evidence of a loan or that it otherwise imports an executory obligation of the payee. The plaintiff, being without benefit of a disinterested witness and limited in his own testimony by the statute, is in no position to ask the court to adopt one conjecture among several equally possible conjectures as to the purpose for which the check was given.'[7]
Strongly urged on behalf of the plaintiff is Nay v. Curley, 1889, 113 N.Y. 575, 21 N. E. 698, a case in which a decedent’s personal representative was plaintiff. The case has interesting aspects but does not support the instant plaintiff’s position. Incidentally the New York court observed that where there is no explanation of a check, it is presumed to have been delivered in payment of a debt. The actual holding was that, absent objection to a question eliciting negative testimony of no indebtedness on the part of the drawer to the defendant payee, the Dead Man’s Statute is waived and the drawer’s personal representative may not thereafter assert the statute in bar of the payee’s testimony further explaining the transaction. A review of New York decisions indicates that generally the courts of that state have been consistent in enforcing the exclusionary provision of the New York Statute which is a prototype of the Florida Statute.
Reverting finally to plaintiff’s statement that he was not indebted to the decedent, we are of the opinion that objection to its admission was well taken on the *255 ground that it was an attempt to testify indirectly to what the plaintiff could not testify directly.[8] We have concluded, however, that even if the statement were admissible the evidence would still be insufficient to support the challenged judgment.
The failure of the plaintiff to establish the alleged indebtedness indicates his inability to produce competent and disinterested testimony to that end. The judgment accordingly is reversed and the cause remanded for entry of judgment for the defendant.
Reversed and remanded.
ALLEN, Acting C. J., and HODGES, JOHN G., Associate Judge, concur.

. § 90.05 Ma.Stat., MSA..

. Sec. 733.16 Ma.Stat., F.S.A.

. Sec. 733.18(2) Ma.Stat., MS.A.

.e. g. Unexplained non-production of primary evidence of indebtedness can raise a presumption of payment. 70 C.J.S. Payment § 98b; 31A C.J.S. Evidence I 156.

. See e. g. “Let’s Repeal The Dead Man Act,” Vol. 38 Ha. Bar Journal 181, April 1964, by County Judge William C. Brook-■er of Hillsborough County. The article is a sequel to “The Decedent Comes to Court” authored by the same scholarly jurist and published in Vol. XXIII Fla. Law Journal 108, April 1949.

. Fla.Stat. § 674.27, F.S.A. cf. 11 Am. Jur.2d, Bills and Notes, See. 988; IX Wigmoro on Evidence, 3rd Ed. Sec. 2518; 1 Jones on Evidence, 5th Ed. Sec. 78.

. In a converse situation, whore a debtor-creditor relationship has been established and the evidence tends to connect a check of the debtor with the debt, the circumstances may be indicative of payment except where documentary evidence of the debt, such as a promissory note, is in the hands of the obligee, e. g. Broward National Bank of Fort Lauderdale v. Bear, Fla.App.1961, 125 So.2d 760, 84 A.L.R.2d 1352. But ordinarily there is no “presumption” of payment of an established debt. 70 C.J.S. Payment § 98. Once a debt has been established, extensive lapse of time might raise an inference or rebuttable presumption of payment. IX Wigmore on Evidence 3rd Ed. § 2517; 70 C.J.S. Payment § 101; 1 Jones on Evidence, 5th Ed. §§ 76, 77.

. Early decisions relative to this question include Mulqueen v. Duffy, N.X., 6 Hun. 299 and Webb v. Simmons, 3 Ga.App. 639, 60 S.E. 334 wherein the courts noted approval of the proposition that an interested party cannot testify against the personal representative of a decedent in his own favor as to the non-easistence of transactions or communications with the decedent. See annotation in 8 A.L.R, 2d 1094, 1100.