PER CURIAM.
This appeal is from a summary final decree entered in a suit to quiet title brought by the appellee against the appellants. The appellants contended that they had an interest in the lands involved as beneficiaries under an oral trust whereby their mother, Mary R. Adams, delivered to her son, Loyd Adams, a warranty deed conveying to him all of the lands involved in this suit. This conveyance, they alleged, was conditioned upon Loyd Adams paying the taxes on the lands, providing support to his mother from time to time and generally overseeing and managing the lands until her death. Upon her death, he was to sell the property, reimburse himself for the expenses he had incurred, and divide the proceeds between himself and his sisters that are appellants.
The only evidence to establish in any manner the alleged trust arrangement between Mary R. Adams and her son, Loyd Adams, was through depositions of the appellants Barber, Hunter and Powell, as to their conversations of the transaction with Mary R. Adams who, at the time of the taking of the depositions, was deceased.
The trial court sustained objections to the testimony contained in the depositions under Florida Statute 90.05, F.S.A., commonly known as the “Dead Man’s Statute.”
Appellants’ only point on appeal involves this ruling whereby they contend that the appellee waived her right to object to the testimony by the use of an addidavit of one John E. Fox, who was a real estate broker and received a broker’s commission for the sale of a portion of the lands involved. This affidavit was used in support of ap-pellee’s motion for summary final decree. Further, appellants contend that the deposition of Edna Adams Barber was not objectionable as there was no showing that she had any interest in the transaction or outcome of the litigation.
As to the deposition of Edna Adams Barber, it is not necessary under Florida *871 Statute 90.05, F.S.A. that the witness be interested in the outcome of the litigation if such witness is a party to such action. The pertinent part of the statute reads as follows :
“Provided, however, that no party to such action or proceeding, nor any person interested in the event thereof, nor any person from, through or under whom any such party, or interested person, derives any interest or title, by assignment or otherwise, shall be examined as a witness in regard to any transaction or communication between such witness and a person at the time of such examination deceased, insane or lunatic, against the executor, or administrator, heir at law, next of kin, assignee, legatee, devisee or survivor of such deceased person or the assignee or committee of such insane person or lunatic.” (Emphasis added.)
There is no question hut what Edna Adams Barber was a party to this suit and therefore the trial court correctly rejected her testimony.
As to the appellee waiving her objection to the incompetent testimony, it has been held that the use of a deposition in support of a motion for summary decree may be the basis for waiving the protection afforded by the Dead Man’s Statute. Bordaos v. Kimmel, Fla.App.1962, 139 So.2d 506. However, the appellee not only did not offer any of the depositions of appellants Barber, Hunter and Powell, but, in fact, filed timely objection to the use of same by the appellants.
In order for the affidavit of Fox to have waived any protection of the appellee granted her by the Dead Man’s Statute, Fox would have had to be a person referred to in the Dead Man’s Statute whose testimony would be incompetent thereunder if properly obj ected to. Fox was not a party to the action or proceeding nor a person from, through or under whom any such party, or interested person, derives any interest or title by assignment or otherwise. The appellants contend, however, that Fox was a person interested in the outcome of the litigation and would lose or gain directly or immediately thereby.
We previously commented that Mr. Fox was to receive a broker’s commission for the sale of a portion of the lands involved; however, there is nothing whatsoever in the record-on-appeal to establish that his commission was contingent in any manner upon the outcome of the suit. ■
The case of In re Lynagh’s Estate, Fla.App.1965, 177 So.2d 256, held as follows at page 258:
“ * * * To be disqualified from testifying by reason of interest in the event of the action or proceeding, under § 90.05, Fla.Stat., F.S.A., the witness must be so interested in the result of the suit that he will gain or lose, directly or immediately thereby, or the testimony to be given must be such that the record in the suit may be used as legal evidence for or against the witness in some action to prove or disprove matters to which he testified. Broward National Bank of Ft. Lauderdale v. Bear, Fla.App.1961, 125 So.2d 760, 84 A.L.R.2d 1352; Farrington v. Richardson, 1944, 153 Fla. 907, 16 So.2d 158, and the cases cited therein. In this connection, the interest must be a present and vested interest and not one uncertain, remote or contingent. Parker v. Priestley, Fla.1949, 39 So.2d 210; Broward National Bank of Ft. Lauderdale v. Bear, supra. Furthermore, the burden of proving disqualification by interest is upon the party objecting to the' witness. Madison v. Robinson, 1928, 95 Fla. 321, 116 So. 31.”
For the reasons set forth above, we hold that the learned chancellor was correct in excluding the testimony of appellants Barber, Hunter and Powell and the summary final decree is hereby
Affirmed.
LILES, C. J., and ALLEN and HOB-SON, JJ., concur.