OWEN, Judge.
A non-jury trial in this action on a promissory note resulted in a judgment denying recovery to the plaintiff-holder, from which judgment she appeals.
The note was in the principal sum of $22,000. Dated April 19, 1950, it was due one year from date. A printed form had been used with the blank spaces completed by typewriter. The provisions for interest had been deleted by means of being typed through with a series of “x’s”. The maker of the note died April 20, 1966. This suit against his personal representative was filed approximately six months later. The claim for interest from the due date was struck on defendant’s motion. Defendant’s answer denied the allegations of the complaint and set forth several affirmative defenses, including payment. The final judgment contained extensive findings of fact by the court which it assigned as support .'or its finding “. . . that the plaintiff has failed to prove by the greater weight of the evidence that the note remains unpaid. . . .”
Appellant asserts that the court erred (1) in striking her claim for interest from maturity, (2) in placing the burden of proof upon her to prove that the note remained unpaid, and (3) in denying her a recovery on the note.
Payment is an affirmative defense, the burden of proof of which rests upon the defendant. Click v. Dowd, 1931, 102 Fla. 336, 135 So. 840. Appellant, having satisfactorily shown the authenticity of the note and the signature of defendant’s decedent, and having placed in evidence the original of the note, established a pri-ma facie case and had no burden to prove that the note remained unpaid. Knauer v. Levy, Fla.App.1959, 115 So.2d 776.
Thus, at first blush, it would appear that the trial court misconceived the applicable law and erroneously placed upon plaintiff-appellant the burden of proving non-payment of the note, rather than correctly placing upon defendant appellee the burden of proving payment. However, upon study of the detailed findings of fact which the court meticulously set forth in the final judgment we are satisfied that the court’s error is merely one of semantics, and not one of law. The factual findings point rather convincingly to the conclusion that the court had found (and intended to say) that the affirmative defense of payment had been proven. While this may seem to be taking liberties with the language employed by the trial court, we think this is the only reasonable connotation to be placed upon it in view of the nature of the detailed factual findings.
Our conclusion in this respect answers appellant’s second and third points and renders unnecessary any determination of the first point relating to interest. The judgment is affirmed.
Affirmed.
REED, C. J., and WALDEN, J., concur.