HENDRY, Judge. '
Appellant, defendant below, seeks review of an order setting aside a jury verdict in favor of the defendant and entering final judgment in favor of the plaintiff pursuant to Florida RCP 1.480.
In the order appealed, the trial judge in pertinent part stated the following:
“This cause coming on to be heard upon plaintiff’s motion under Rule 1.480 of the Rules of Civil Procedure and hearing argument of counsel and receiving Memorandums of Law and finding that all of the admissible evidence and reasonable inferences that could be drawn therefrom presented at the trial in light most favorable to the defendant and that there is no evidence or inferences that could be reasonably drawn therefrom, that would as a Matter of Law, support a verdict for the defendant and finding that LUIS RIVERO SALIS, defendant’s witness and ROD PICKARD, the defendant, were interested witnesses within the meaning of Fla.Stat. § 90.05, F.S.A. and that Plaintiff duly objected to their testimony and did not waive his rights thereunder and that their testimony and evidence introduced thereon, were barred by the said statute. Broward National Bank of Fort Lauderdale v. Bear, Fla.App.1961, 125 So.2d 760, 84 A.L.R.2d 1352.
“The Court further finds that the witness SALIS testifying for defendant PICKARD stated that PICKARD gave him a check which he cashed and then paid the cash to the decedent without obtaining a receipt. It is a common practice to use the ‘tombstone recipient’ ploy in tax avoidance claims. This presents the classic situation where the dead man’s lips are sealed, and constitutes sufficient interests to render SALIS an incompetent witness. . . .”
******
This cause was commenced upon the filing of a complaint by the plaintiff James E. Miggins, as the executor of the estate of one Francis S. Polonko. The suit was filed seeking to recover the balance due and owing on two promissory notes executed by the defendant, Rod Pickard, and delivered to the decedent, Polonko.
At trial, the plaintiff’s case was very brief involving only the introduction of the notes sued upon into evidence. The bal- *688 anee of the trial was devoted to the defendant-appellant’s affirmative defense of payment.
The appellant has raised two points on appeal, which have been consolidated for argument.
Summarized, the appellant argues that the court erred in finding that the witness Salis was “interested” within the meaning of the Dead Man’s Statute; and, secondly, in setting aside the jury verdict and entering a post-trial directed verdict in favor of the plaintiff.
In Broward National Bank of Fort Lau-derdale v. Bear, supra, relied upon by the trial court, the court stated:
“The test of ‘interest’ of a witness is whether the witness will gain or lose by direct legal operation and effect of the judgment or whether the record in the case will be legal evidence for or against him in some other action. In this, connection, the interest must be a present and vested interest and not one uncertain, remote or contingent. (Citations omitted.)” See also, Clark v. Grimsley, Fla.App.1972, 270 So.2d 53.
In the Bear case, it was held that the makers of a note were incompetent to testify that they had satisfied a promissory note they had executed by making payment where the lips of the payee were sealed by death.
However, here the appellant argues that the jury verdict may be supported on the testimony of Salis standing alone even if Pickard’s testimony is incompetent because Salis was an “independent” witness.
We have read Salis’ testimony in its entirety, and we are constrained to disagree with the appellant. In our view, the trial court’s finding that Salis was an interested witness is correct.
It is also our conclusion, and we so hold, that the court was correct in determining that after excluding the evidence which was incompetent and inadmissible, the jury verdict could not be supported, and therefore, the plaintiff was entitled to a directed verdict.
Finally, we deem the appellant’s contention that the affirmative defense of payment was admitted by the plaintiff for failure to file a reply seeking to avoid the defense to be without merit.
In our opinion, the affirmative defense of payment in this case did not raise any new matter outside of the pleadings, and accordingly, no reply was mandatory. RCP 1.100(a) and (e); American Salvage and Jobbing Co., Inc. v. Salomon, Fla. App.1974, 295 So.2d 710.
Therefore, for the reasons stated, the judgment and order appealed is affirmed.
Affirmed.