BOOTH, Judge. .
This cause is before the Court on appeal from the final judgment of the Circuit Court, Volusia County, denying recovery on promissory notes on the grounds that no evidence was presented of non-payment of the notes. The question here is whether Plain tiff/payee’s prima facie case for recovery on a promissory note requires evidence, outside the authenticated instrument itself, that the debt is unpaid.
Plaintiff is the named payee on two promissory notes in the principal amounts of $26,926 and $1,500, dated June 12, 1958, and July 12, 1951, respectively. The two notes, as well as a third instrument executed April 12, 1969 by the payor which waived the statute of limitations as to any indebtedness to the Plaintiff, were introduced into evidence in the suit against the payor’s estate.
The payor, Mary Hewitt, for many years a practicing attorney, is the mother of the payee, Mary Jacobs, and resided in her home for several years prior to Mrs. Hewitt’s death in 1973. Plaintiff was appointed personal representative of her mother’s estate.
Plaintiff duly filed a sworn claim in the estate for sums loaned and unpaid at the death of the deceased. A representative ad litem was appointed and the claim denied, resulting in this suit. The estate denied the indebtedness and affirmatively asserted in its answer the Statute of Limitations, the Statute of Frauds and set-off. The affirmative defense of payment was not pleaded.
The notes were introduced into evidence over the estate’s objection based on the dead man’s statute.[1] No question was raised at the time the notes were introduced, or at any other time during trial, as to Plaintiff’s possession of the instruments.
Neither party presented evidence of payment or lack of payment. Both parties assert here that the dead man’s statute prevents evidence as to payment.[2] That question was not directly ruled on below and is not before us now.
*1243 The trial court’s original order denying recovery states that the record is “void of any evidence of non-payment.” On Petition for Rehearing, Plaintiff pointed to Defendant’s failure to plead or present evidence of payment, an affirmative defense. In the alternative, Plaintiff moved the court to reopen the case to allow Plaintiff to present evidence of non-payment, if that was her burden to prove. In denying rehearing and denying re-opening of the case, the trial court ruled in part as follows:
“It is true . . . that payment is an affirmative defense; however it is in this Court’s opinion likewise elementary law that a Plaintiff must show a prima facie case to prove her cause of action before the Defendant is required to proceed with his affirmative defenses, • and since this Court has concluded that the evidence is insufficient to raise a presumption of non-payment or breach of the obligations alleged it was not necessary for the defense to proceed with the affirmative defense . . ”
On appeal, Defendant asserts for the first time that the notes may have been retained by the deceased payor and that Plaintiff could have recovered possession of the notes in her capacity as personal representative of the deceased. Defendant asserts that this possibility prevents a presumption of non-payment which would normally arise from the payee’s possession of the uncancelled instrument of indebtedness.[3] Here, there is no evidence which would support such a defense, even had it been pleaded. Plaintiff is not required to present evidence explaining her possession since that fact was never at issue.
The trial court’s ruling was that the Plaintiff failed to present evidence outside the promissory notes themselves that the debt was unpaid and therefore failed to establish a prima facie case. That decision is contrary to Knauer v. Levy, 115 So.2d 776, 777 (3d DCA 1959), wherein the court stated:
“The sole question to be decided is: In a suit upon a promissory note must the plaintiff prove by evidence dehors the instrument that the debt is due and unpaid in order to establish a prima facie case?
The promissory note is itself evidence of the existence of the debt and its introduction into evidence is sufficient to establish a prima facie case. When it is regularly admitted into evidence no additional evidence of the present existence of the debt is necessary upon the case of the Plaintiff.”
In Touchberry v. Nemec, 264 So.2d 466, 467 (4th DCA 1972), the court stated:
“Payment is an affirmative defense, the burden of proof of which rests upon the defendant . . . Appellant, having satisfactorily shown the authenticity of the note and the signature of defendant’s decedent, and having placed in evidence the original of the note, established a prima facie case and had no burden to prove that the note remained unpaid.”
Plaintiff’s possession of the uncan-celled notes at the time of trial is consistent with her interest as the named payee in the notes and is presumed to be proper. The presentation of these instruments, authenticated as to execution by the payor and regular on their face, establishes a prima facie case for recovery on the notes. There is no requirement that the Plaintiff present evidence as part of her case in chief that the notes remain unpaid, and no issue was made by Defendant’s pleading or proof as to either payment or right to possession.
Accordingly, the judgment is REVERSED and the cause REMANDED for entry of judgment on behalf of Plaintiff.
ERVIN, J., concurs.
SMITH, Acting C. J., dissenting with opinion.

. Florida Statute § 90.05.

. Broward National Bank v. Bear, 125 So.2d 760 (2nd DCA 1961).

. Speier v. Lane, 254 So.2d 823 (3d DCA 1971).