SMITH, Acting Chief
Judge, dissenting:
This is a simple case of a plaintiff failing to adduce necessary evidence which one must assume was readily available to plain *1244 tiff; a trial judge who quite properly declined to speculate on what plaintiff might have been able to prove, and who therefore entered judgment for defendant; and an appellate decision that covers the omission in plaintiff’s proof by unduly stretching a legal presumption.
Without a doubt, a plaintiff-payee who proves his possession of the defendant-maker’s matured promissory note, and who introduces the authenticated note into evidence, has made a prima facie showing of the defendant’s subsisting obligation. Ordinarily it troubles plaintiff little to add that the note is unpaid. Here, plaintiff’s counsel evidently considered that such testimony by his client would be barred by Section 90.05, Florida Statutes (1975) — a matter we need not decide — and so plaintiff relies entirely on the presumption of nonpayment which attends the payee’s possession of the note, as in Knauer v. Levy, 115 So.2d 776, 777 (Fla.3d DCA 1959):
The administrator [of the deceased payee] was the only witness for the plaintiff. Upon his testimony, that he found the note among his uncle’s (William Liebow’s) papers, it was admitted into evidence. The administrator was unable to testify of his own knowledge as to what amount, if any, was due upon the debt represented by the note.
[[Image here]]
The promissory note is itself evidence of the existence of the debt and its introduction into evidence is sufficient to establish a prima facie case.
The dictum in Touchberry v. Nemec, 264 So.2d 466 (Fla.4th DCA 1972) does not reveal whether the payee’s possession of the note was proved as it was in Knauer. I consider, nevertheless, that plaintiff’s possession of the note' is part of plaintiff’s prima facie showing, and that possession ought not to be presumed, so thereby to presume further that the defendant’s debt is subsisting. That, I think, is a matter of common sense as well as of law. That is the implicit holding of Speier v. Lane, 254 So.2d 823, 824 (Fla.3d DCA 1971):
[Tjhere is evidence that Speier retained possession of the collateral notes from the date of execution until the time of trial, or slightly over eight years after they were argued to have been extinguished by the accord and satisfaction. These notes were not returned, destroyed, marked paid, or otherwise marked. Thé appellees have cited several cases for the principles, which appear well-settled, that possession of an uncanceled note raises a rebuttable presumption of non-payment and that the burden of proving payment is upon the party asserting payment.
See also J. Ogden, Negotiable Instruments 632 (5th ed. 1947):
An allegation that the plaintiff is the owner and holder of a note is sufficient prima facie allegation that he is the holder in due course with the right of recovery. And possession and production of the note uncanceled constitute prima fa-cie evidence of its non-payment, [emphasis added]
Plaintiff’s counsel accurately paraphrased that principle in argument to the trial court on motion for rehearing:
I would maintain that just the mere fact of a promissory note speaks for itself. And that is buttressed by the fact that the promissory note is not marked paid in full but still in the possession of the creditor.
The major flaw in plaintiff’s case was and is that there was no proof of any kind that the notes were “still in the possession of the creditor.” Plaintiff did not testify that the notes were in her possession at the time of trial, or at the maker’s death, or on the dates shown on the • notes, or ever. Even assuming that plaintiff might not have testified that the decedent never paid the notes, Broward Nat’l Bank of Ft. Lauderdale v. Bear, 125 So.2d 760 (Fla.2d DCA 1961), plaintiff surely could have testified to the fact, if it was a fact, that she possessed the notes — a fact of which she had knowledge independently of any transaction with the deceased, although possession presumably resulted from such a transaction. See Seeba v. Bowden, 86 So.2d 432, 433 (Fla.1956) (dictum).
*1245 Absent proof of plaintiff’s possession of the notes, no evidentiary presumption of nonpayment arose, and there was no occasion for the administrator ad litem to plead or to prove, as the majority seem to have required, that plaintiff’s possession of the notes was explicable on grounds other than that the notes were subsisting obligations.
I know of no reason why the administrator ad litem, who neither admitted nor was called on to admit that plaintiff possessed the notes, should now be held to have tacitly conceded the critical evidentiary point on which the majority bases its judgment of reversal. I know of no reason why we should assume the existence of a critical fact, unproved, in order to reverse a judgment entered upon a fair trial. Plaintiff’s case rests entirely on the fact that a promissory note payable to plaintiff, signed by the decedent, was introduced into evidence by plaintiff’s lawyer. In my opinion, that act has only slightly more legal significance than if plaintiff’s counsel had thrown his hat upon the table. That event does not support the chain of presumptions necessary for a reversal. I would affirm.