GRIMES, Acting Chief Judge.
The personal representative appeals from a final judgment awarding appellee $20,000 from the estate of her deceased ex-husband.
Thomas Gay Rutledge and Patricia Ann Rutledge (appellee) were formerly husband and wife. Their marriage was dissolved on February 6, 1974. The final judgment of dissolution contained the following provision:
8. That pursuant to the agreement of parties, the Respondent, THOMAS GAY RUTLEDGE, shall purchase a parcel of real estate agreeable to the Petitioner, PATRICIA ANN RUTLEDGE, and shall construct thereon by June 1, 1974, a new three-bedroom block home fully furnished, the total cost of said property, home and furnishings not to exceed $20,-000.00.
Following Mr. Rutledge’s death on March 10, 1977, appellee filed a claim against his estate demanding that she be provided with the home or be paid $20,000. The personal representative of the estate filed an objection to the claim. Appellee then sued the estate for $20,000.
At the trial a certified copy of the final judgment was introduced into evidence by the appellee without objection. The only witness to testify at the trial was the appel-lee. She was permitted to testify over the appellant’s objection that Mr. Rutledge had not supplied her the house as required by the final judgment.
The appellant argues that the appellee’s testimony with respect to her former husband’s failure to carry out the provisions of the judgment was inadmissible under Section 90.05, Florida Statutes (1975), commonly known as the Dead Man’s Statute. Appellant cites authority for the proposition that testimony of an interested witness concerning the nonpayment of an obligation of or to a deceased person constitutes a “transaction” within the meaning of the Dead Man’s Statute. See Stebnow v. Goss, 165 So.2d 251 (Fla. 2d DCA 1964); Broward National Bank of Ft. Lauderdale v. Bear, 125 So.2d 760 (Fla. 2d DCA 1961). As we see it, it is unnecessary to reach the question of whether the appellee’s testimony was barred by the Dead Man’s Statute because the final judgment by itself carried with it a presumption that the obligations contained therein remained outstanding.
While no Florida cases have been cited to us for the proposition, the rule has been established in other jurisdictions that in an action on a judgment there is a rebut-table presumption that the judgment remains in full force and unsatisfied. Daniel Drug Co. v. Collier Drug Co., 207 Ala. 308, 92 So. 895 (1922); Mansfield v. Hinckle, 81 Ind.App. 6, 139 N.E. 700 (1923). The plaintiff does not bear the burden of proving that the judgment has not been satisfied. Talkington v. Schmidt, 219 Ark. 333, 242 S.W.2d 150 (1951); Sampson v. Conlon, 100 N.H. 358, 126 A.2d 250 (1956). This is consistent with Fla.R.Civ.P. 1.110(d) which characterizes payment as an affirmative defense.
While the judgment in this case directed that something be done rather than ordered an amount of money to be paid, we see no reason to apply a different principle. *468 Once the judgment was introduced into evidence it carried with it a presumption that paragraph 8 had not been performed. The appellee had established a prima facie case. Since no evidence was presented to prove that the obligation had been carried out, the appellee’s testimony concerning nonperformance was unnecessary to the determination of the case.
This case is analogous to the recent decision of Jacobs v. Becks, 355 So.2d 1241 (Fla. 1st DCA, 1978), in which the plaintiff sued a decedent’s estate on two promissory notes executed by the decedent before his death. The notes were introduced into evidence, but neither party presented evidence of payment or lack of payment. The trial court denied recovery because the record was “void of any evidence of nonpayment.” The district court of appeal held that the plaintiff’s possession of the uncancelled notes at the time of the trial created a prima facie case for recovery, and that upon the defendant’s failure to plead or prove payment, the plaintiff was entitled to judgment.
While the presumption in that case rested upon the plaintiff’s possession of uncan-celled notes, whereas the presumption here is based upon proof of a judgment of a court of record, the cases are otherwise similar. As in Jacobs, the appellant neither pled nor proved performance of the obligations of paragraph 8. Since Mr. Rutledge did not furnish the appellee with the house prescribed by the judgment, we believe the court was warranted in entering a judgment against his estate for the entire $20,-000.
AFFIRMED.
SCHEB and OTT, JJ., concur.