SCHEB, Chief Judge.
Zilla Courtheoux challenges the trial court’s dismissal of her suit seeking to domesticate a judgment for child support that she obtained against her former husband in New York. We reverse.
At trial Courtheoux, as plaintiff, introduced into evidence duly authenticated copies of a judgment for $40,040 entered against defendant Alfred George on July 25, 1980, by the supreme court in Monroe County, New York. The court received the documents, which showed personal service on the defendant, pursuant to section 90.-902, Florida Statutes (1979), and the plaintiff rested. The defendant then moved for a directed verdict[1] alleging that the plaintiff failed to establish that the New York judgment remained unsatisfied. The trial court granted the motion and entered a final order dismissing plaintiff’s suit. This appeal ensued.
Courtheoux argues that she did not bear the initial burden of proving that the judgment had not been satisfied. She points to Florida Rule of Civil Procedure 1.110(d), which provides that payment is an affirmative defense. Therefore, she contends that the defendant bears the burden of proving that the New York judgment had been satisfied. We agree.
Rutledge v. Rutledge, 357 So.2d 466 (Fla.2d DCA 1978), is analogous. There, an ex-wife sued the estate of her former husband alleging that he had not conveyed a home to her as required by the final judgment of divorce. A certified copy of the final judgment was entered into evidence. Judge Grimes, writing for the court, noted that “the final judgment by itself carried with it a presumption that the obligations contained therein remained outstanding.” 357 So.2d at 467. Here, Courtheoux introduced properly authenticated copies of the appropriate New York court documents. 28 U.S.C., § 1738. These documents established a prima facie case for recovery, and the burden of proving whether the judgment remained unsatisfied then shifted to the opposing party.
George now argues that because the plaintiff alleged the New York court had jurisdiction over the defendant, she had to prove this. He relies on First National Bank v. Brown, 119 Fla. 761, 162 So. 142 (1935), cited with approval in Pacific Mills v. Hillman Garment, Inc., 87 So.2d 599 (Fla.1956). That reliance is misplaced. In Pacific Mills the court held that, while lack of jurisdiction in a foreign court should be raised in the defendant’s answer, a plaintiff’s complaint which raises jurisdictional issues is subject to a motion to dismiss. Unlike the complaint in Pacific Mills, no *534 jurisdictional issue was raised by the pleadings in this case.[2]
Therefore, we hold that once the proper documents were admitted into evidence, the burden shifted to the defendant to refute the validity of the foreign judgment. Accordingly, the trial court erred in granting the motion for involuntary dismissal.
REVERSED.
OTT and SCHOONOVER, JJ., concur.

. More properly a motion for involuntary dismissal under Florida Rule of Civil Procedure 1.420(b).

. Fla.R.Civ.P. 1.120(e) provides:
In pleading a judgment or decree of a domestic or foreign court, judicial or quasi-judicial tribunal, or of a board or officer, it is sufficient to aver the judgment or decree without setting forth matter showing jurisdiction to render it.